Judge Carr
delivered his opinion.
In this case, the appellants made a contract with the appellees, in their character of trustees for the pew-holders of the church, whereby they employed them to finish the steeple. They did so. The parties disagreed about the contract, and the appellees filed this bill. It seeks no discovery ; states no difficulty in the way of proceeding at law; nor any other reason for coming into equity, except that equity could do more complete justice, by apportioning the debt among the defendants. There could have been no difficulty from the trustees being fiduciary characters; for, we know from Willis v. M’Williams, Cullen v. The Duke of Queensbury, and many other cases, that individuals who contract for the benefit of a company or society, where the credit is given to them, and not to their constituents, are personally liable; and the bill states, that this contract was made with the trustees alone, and solely on their credit and responsibility; the individual pew-holders being then and still unknown to the plaintiffs. In the argument of the cause, the counsel referred to several cases, to shew that Chancery would sometimes take jurisdiction, in cases of this kind. The authorities have been examined, and theyare found to present some feature of equity, which is wanting here. Either a discovery was sought, or a multiplicity of suits must have been encountered at law. This case is, in‘principle, exactly like the case of Smith v. Marks, 2 Rand. 449. The reasons and authorities there cited, may be referred to, and need not be repeated here.
*199 I am of opinion, that the decree of the Chancellor be reversed, and the bill dismissed. -
The other Judges concurred, and the decree was reversed.*