# Wytheville.

## MANGUS v. McCLELLAND.

### JUNE 27, 1895.

1. EQUITABLE DEFENCES AT LAW—*Sec. 3299 of Code.*—A plea by way of special set-off under Section 3299 of the Code cannot be relied on which sets up equitable grounds of defence which require a rescission of the contract in suit, and a re-investment of the vendor with the interest alleged to have been sold. This defence can only be made in a court of equity.

2. CONSTRUCTION OF STATUTES—*Effect of Re-enactment after having been Construed.*—Where a statute has been construed by the courts and afterwards re-enacted by the Legislature, the construction given to it by the courts is presumed to have been sanctioned by the Legislature, and thenceforth becomes obligatory upon the courts.

Error to a judgment of the Circuit Court of the city of Roanoke, rendered May 4, 1894, in a proceeding by motion on a notice to recover a judgment for money, wherein the appellee was the plaintiff, and the appellant was the defendant.

*Affirmed.*

This was a proceeding by motion after notice to recover a judgment for money. At the trial, the defendant tendered four special pleas in writing by which he set up certain representations of fact alleged to have been made by the plaintiff and relied on by the defendant, and which induced the defendant to make the notes in suit. The pleas allege that the representations are false, and that the defendant has been damaged to the full amount of the contract, which he offers to set off against the plaintiff's demand. He files with

his plea a deed of release to the plaintiff, releasing all interest in the lots conveyed to him by the plaintiff and which furnished the consideration for the notes in suit. The pleas in effect seek a rescission of the contract of sale, and a reinvestment of the plaintiff with the title to the property. The record shows that one of these pleas was filed April 14, 1894, and the others May 4, 1894. The jury was impaneled and sworn to try the issue joined, and rendered a verdict for the plaintiff for the amount of his claim. It appears that before the verdict was rendered the court sustained a demurrer to each of the special pleas. After the jury was discharged, the defendant moved the court " to set aside the verdict of the jury and grant him a new trial, because the same was contrary to the law and the evidence, and because there was no issue before the jury," which motion the court overruled. He also moved the court " to arrest judgment on the said verdict on the ground that there was no issue made by the pleadings in this action for the consideration of the jury in arriving at their verdict aforesaid," which latter motion the court also overruled. The record does not clearly disclose at what stage of the proceedings the demurrer to these pleas was sustained, but the opinion of the trial judge upon the demurrer is printed in the record, and in this he states: " At the time the jury was sworn in this case, the defendant had filed two pleas; and afterwards, he tendered two others. By consent of parties, he was allowed to file these also, and by like consent the plaintiff was allowed, at this time, to demur to all four of the pleas, and the court was to consider the matter as if all of the pleas and demurrer had been filed before swearing the jury."

The other facts sufficiently appear in the opinion of the court.

*G. W. & L. C. Hansbrough* and *Hall*, for the plaintiff in error.

*Watts, Robertson & Robertson*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

J. M. Mangus purchased of Robert McClelland certain real estate at the price of $2,000.00, payable one-third cash, and for the residue gave notes in equal instalments at one and two years, with interest from date. It appears that the plaintiff executed a deed for the real estate sold by him, and that Mangus, the defendant, gave a deed of trust upon the property to secure the deferred payments.

The plaintiff, Robert McClelland, brought his action, by notice under the statute, to recover the balance remaining unpaid under this transaction, and the defendant filed four special pleas in writing, of which it is sufficient to say that they all set out certain representations of fact alleged to have been made by the agent of the plaintiff, which representations induced the defendant to make the purchase and give the notes upon which the plaintiff sues. The pleas allege that these representations are false, and by reason of them, the defendant has been damaged to the full amount of the contract, to-wit, the sum of $2,-000.00. The defendant, waiving all claim to the four lots, says, that by reason of these representations he has incurred damages to the amount of $2,000.00, which remain wholly unpaid, and which he is ready and willing to set off against the amount claimed, and he asks for a judgment against the plaintiff for the excess of the damages so sustained by him over and above the amount claimed of him by the plaintiff.

In the record is filed a deed from the defendant, reconveying the several lots to the plaintiff, and waiving and relinquishing all claim upon them on the part of the defendant.

These pleas were demurred to in the Circuit Court, and the demurrer sustained, upon the ground that section 3299

of the Code of 1887 does not authorize a court of law to give the relief asked for.

The object of the pleas would seem to be not only the recovery of damages for the false representations made to the defendant, but to have the contract between the parties rescinded, and to re-invest the vendor with the title to the lots which he had conveyed to the defendant, and the price of which constitutes the subject of this controversy. The section referred to is substantially in the same terms in which it appears in the act of 1831, which was construed in the case of *Shiflett* v. *Orange Humane Society*, 7 Gratt. 297, and it was there held that the relief asked for, involving a rescission of the contract and a re-investment of the vendor with the title to the property, could not be had in an action at law, but could only be afforded in a court of equity. This decision is referred to in *Watkins* v. *Hopkins' Ex'or.*, 13 Gratt. 745, and is accepted by Mr. Minor as a correct exposition of the law. See 4 Minor's Inst., part I, 716. He says, "Where the failure is based on equitable grounds, which require a rescission of the contract, and a re-investment of the vendor with the title, this sort of plea is not available, because in such a case the court of law is incompetent to do complete justice between the parties, and the recourse, in the nature of things, must be to equity."

During all these years, although this statute has been frequently amended and re-enacted, no change in it has been made which affects the construction given to it by the authorities cited. It is a familiar rule of construction that, where a statute has been construed by the courts, and is then re-enacted by the Legislature, the construction given to it is presumed to be sanctioned by the Legislature, and thenceforth becomes obligatory upon the courts. See *Anable's Case*, 24 Gratt. 563, where this rule of construction was held to be binding upon courts even in a criminal case, and *a fortiori* is binding upon them in civil cases. The

reason upon which the construction rests also seems to be entirely satisfactory. A court of law, in giving relief, is limited to a judgment of the court upon a verdict of a jury adjudging the plaintiff entitled to the specific property, real or personal, demanded in the action, or to damages in money for the breach of the contract, or for the wrong committed, and the judgment of the court must follow strictly the terms of the verdict.

Where a jury is dispensed with the court is equally trammeled and confined in the character of the judgment which it is authorized to give. In a court of equity it is different. There, all the parties in interest may be convened, the rights of all may be considered, and, by reason of the greater elasticity of equity procedure, the interest of all may be carefully adjusted and protected.

For these reasons, we think that the view taken of these pleas by the judge of the Circuit Court was correct, and that his judgment must be affirmed, but this affirmance is without prejudice to the right of the defendant to go into a court of equity for such relief, if any, as the circumstances of his case may entitle him to in that tribunal.

*Affirmed.*