### Richmond.

## COLUMBIA ACCIDENT ASSOCIATION V. ROCKEY.

### NOVEMBER 19, 1896.

1. STATEMENT UNDER SEC. 3249 OF CODE—*Statement not the Issue—Insufficient Statement—Demurrer—Objection to Evidence.*—The object of sec. 3249 of the Code, which authorizes the court to require a plaintiff or defendant to state the particulars of his claim or defence, is to give the opposing party more definite information of the character of such claim or defence than is generally disclosed by the declaration, notice, or plea, and to prevent surprise. But such statement does not constitute the issue to be tried, and need not be as formal or precise as a declaration, or plea. It is not the subject of a demurrer. If the statement is not sufficient the trial court should require a sufficient statement, and if not furnished exclude evidence of any matter not described in the notice, declaration, or other pleading, so plainly as to give the adverse party notice of its character. If the statement fails to disclose a legal claim, or to constitute a defence at law, motion should be made, if the issue is tried by a jury, to exclude any evidence offered in respect to the matter contained in the statement, or if the evidence has been admitted, to strike it out, or to correct its effect by appropriate instructions.

2. EQUITABLE SET-OFF—*Section 3299 of Code—Enlargement of Common Law Right of Recoupment.*—The provisions of sec. 3299 of the Code as originally enacted in 1831, allowing a special plea of equitable set-off, were intended to enlarge the right of defence theretofore existing at common law, and not to impair any previous right, or to take away defences previously allowed by law. The common law right of recoupment was not impaired, but, in addition thereto, the statute permitted the defendant to recover any damages he could prove in excess of the damages claimed by the plaintiff, and in an action upon a sealed contract to prove a failure of consideration, or fraud in its procurement, or breach of warranty of the title or soundness of personal property, for the price or value whereof he had entered into the contract.

Argued at Staunton.    Decided at Richmond.

Error to a judgment of the Hustings Court of the city of Staunton, rendered November 9, 1894, in a proceeding by motion under section 3211 of the Code, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

This was a proceeding by notice of a motion for a judgment before the Hustings Court of the city of Staunton, to recover the amount of an open account. The notice was in the following words and figures:

" STAUNTON, VA., August 20, 1894.

" Columbian Accident Association:

"Take notice, that on Thursday, September 6th, 1894, at the court-house of Staunton, Va., the undersigned will move the Corporation Court of Staunton, for judgment and award of execution against you and in his favor for the sum of $1,911.66 with interest thereon from this day, claimed to be due to him by you on account of the balance of his salary as your general manager, up to August 19th, 1894, and for the costs of this notice, and of said motion.

                                H. T. ROCKEY,
A. C. BRAXTON, p. q.                  By counsel."

The defendant pleaded *non assumpsit* and filed four several statements of the particulars of its defence, which it termed pleas. Those numbered 1, 2 and 4 were substantially the same, and hence only one of them need be given. The following is a copy of No. 1:

" In support of the defence in this case, the defendant being so required by the court on motion of the plaintiff, and against the consent and objection and exception of the defendant thereto, the defendant says that it owes plaintiff

nothing in this action. That at the time of the organiza-
tion of the defendant company the plaintiff in this suit was
without employment, desired a position, was largely inter-
ested in the organization of the company, and in fact the
company was organized at his special request, and largely
for his special benefit. That before, at the time of, and after
the organization of the defendant company, the said plain-
tiff confidently stated, and fortified his statement by facts and
figures, that the company by its business would in a short
time be self-sustaining, and that its stockholders, who had
subscribed to the extent of ten thousand dollars ($10,000.00),
would certainly not have more than one-half of their sub-
scription to the stock to pay. In fact, the said plaintiff
guaranteed to the defendant company, and to its indi-
vidual stock-subscribers and stockholders before, at the time
of, and after the organization of the company that in
*no event* would they ever be called upon to pay anything
more than one-half of the stock subscribed by them; that
is to say, the stock-subscription amounted to ten thou-
sand dollars ($10,000.00), and the promise and the guarantee
as aforesaid was that in no event would they be called upon to
pay anything more than five thousand dollars ($5,000.00) of
this subscription, unless in case of an extraordinary de-
mand by reason of a death loss; that is to say, that
by reason of the said promise and guarantee of the said
plaintiff, he agreed with the defendant company, and its
stockholders and stock-subscribers that he would ask and
charge nothing for his services, either as a member or offi-
cer of the said company, beyond the stock-subscription of
five thousand dollars ($5,000.00) as aforesaid. And hav-
ing so stated, promised, agreed and guaranteed as aforesaid,
the defendant company claims that the said plaintiff is
fully satisfied for the services claimed by him, and that the
defendant company therefore is liable to him for nothing;
because, should the plaintiff recover anything in this action,

the amount so recovered would have to be paid from an assessment upon the five thousand dollars ($5,000.00) of stock as to which the promise and guarantee of the plaintiff was made as aforesaid."

No. 3 was as follows:

" The defendant as a statement of its defence says that it does not owe the plaintiff the whole or any part of the account claimed by him in his motion and account filed therewith in this case.   It says it is true it did agree to pay the plaintiff $2,500.00 per year for his services as its general manager—he agreeing to give his exclusive and undivided time, attention, skill, and ability, to the conduct of the defendant's business, to properly conduct the said business, and to render value received for the said salary.   But that he so unskillfully and improperly managed the said business by neglect thereof and by improper disagreements with its agents, especially with J. H. Crosier, and G. F. Thomasson, and C. E. Lupton, and J. S. Smith, that he greatly injured and impaired the business of the defendant, and did not earn the said salary; that he has been already paid by this defendant more than he has earned on account of said salary."

There was a verdict and a judgment for the plaintiff for $1,911.66, the amount of the claim.

*White & Ker, Turner K. Hackman* and *W. E. Craig*, for the plaintiff in error.

*A. C. Braxton*, for the defendant in error.

RIELY, J., delivered the opinion of the court.

It is unnecessary, in disposing of the writ of error in this case, to notice any of the proceedings prior to the mistrial at the September term, 1894.

After the mistrial, the defendant being required to file a statement of the particulars of its ground of defence, as the court, on the motion of the plaintiff, had previously directed it to do, tendered the plea of *non assumpsit*, which was filed without objection. It also tendered, then and subsequently, four statements as containing the particulars of its grounds of defence. These statements were unnecessarily prolix, and possessed much of the formality of regular pleas.

The third of these statements admitted that the defendant had contracted with the plaintiff to pay him as its general manager the salary for which he had sued, but averred that he had so unskillfully and improperly managed its business, through neglect and improper disagreements with certain named persons, that he had injured its business, and had not earned his salary.

The first, second, and fourth of the said statements are really one in substance, and may be jointly considered as presenting a single and the same ground of defence. They set forth in substance that the agreement to pay him a salary was a conditional contract; that he was a promoter of the company, and had agreed with it that, in consideration that it would pay him a salary of $2,500 *per annum*, its business would be so conducted that his salary would be paid from the profits of the business and the one half of its capital which had been dedicated as a fund for the conduct of its business, the other half of its capital being set apart as a reserve fund to meet losses by death, or other extraordinary demands; that if the business was not so conducted that his salary could be paid from the sources named, he would not charge any salary; and that the part of its capital so dedicated to run its business had been consumed, and that there were no profits of the business, so that in fact the company owed him nothing.

Each of these statements was objected to by the plaintiff, and was rejected by the court.

Before considering the propriety of the action of the court, it will be proper to advert to the statute under the authority of which the statements were required to be filed.

The object of the statute (section 3249 of the Code) was simply to give to the defendant more definite information of the character of the claim of the plaintiff than very often appears from his declaration or notice, and also to give to the plaintiff more particular information of the ground of defence than is generally disclosed by a plea, so as to enable the parties to prepare more intelligently for the trial, and to prevent surprises which may and often do result in injustice. The statute was enacted in the interest of justice, and is one of the most serviceable statutes we have for its attainment.

But such *statement* does not constitute the issue to be tried, and it was never intended that the particulars of the claim, or ground of defence, should be set forth with the formality or precision of a declaration, or plea, but only in such manner, however informal, as would fairly and plainly give notice to the adverse party of its character, where the same was not so described in the notice, declaration, or other pleading. The statement is not the subject of a demurrer, but the proper practice is, if it is deemed insufficient, to move the court to require a sufficient statement. *George Campbell Company* v. *Angus et al.,* 91 Va. 438. If the court should be of opinion that the statement filed is insufficient to inform the adverse party of the particulars of the claim or ground of defence, it should require a further and sufficient statement to be filed, and, if not furnished, "exclude evidence of any matter not described in the notice, declaration, or other pleading of such party, so plainly as to give the adverse party notice of its character."

Such statement may or may not disclose a legal claim, or constitute a defence at law. If it does not, the proper practice is to move the court on the trial of the issue—if tried by a jury—to exclude any evidence offered in respect to the

matter contained in such statement, or, if the evidence has been admitted, to move the court to strike it out, or to correct its effect by appropriate instructions.

The objection made to the third statement was two-fold:

First, that it set up the defence of failure of consideration, which it was claimed could only be done by a special plea of equitable set-off under section 3299 of the Code, verified by affidavit; and that the statement neither conformed to the requirements of the statute, nor was it sworn to. This raises an important question that was much discussed at the bar.

It was contended by counsel for the plaintiff that whatever may have been the law prior to the act of 1831, which was the original of section 3299 of the Code, it has not been competent since its enactment to make the defence of failure of consideration, except by a special plea under that statute, verified by affidavit.

It was entirely competent prior to the said statute, according to the practice at common law, to prove, under the plea of *non-assumpsit*, a want of consideration for the promise, or failure or fraud in the consideration, and in short, with a few well understood exceptions, to prove whatever showed that there was no existing debt due. 4 Minor's Inst. (3d ed.), Pt. 1, 770, 774, and 793; Tyler's Stephen on Plead., 176; 1 Chitty on Pl. (16th ed.) 495; 5 Rob. Pr. 264–278; 2 Tucker's Com. 160; *Greene* v. *Withers,* 9 How. 213; *Van Buren* v. *Digges,* 11 *How.* 461; *Winder* v. *Caldwell,* 14 *How.* 434; *Bierly* v. *Williams,* 5 Leigh 700; *Todd* v. *Summers,* 2 Gratt. 168; and *Va. F. & M. Ins. Co.* v. *Buck & Newsom,* 88 Va. 517.

But while a defendant, under the plea of *non assumpsit,* might give evidence of matter by way of recoupment, or in diminution of the damages claimed by the plaintiff, even to the entire defeat of his action, yet it was not competent for the defendant to recover in that suit any damages he may have shown in *excess* of the damages of the plaintiff. If he

wished to recover such *excess*, he could only do so in an independent action against the plaintiff. 4 Minor's Inst., Pt. 1, 793 and 798.

Nor was it competent at common law, as against sealed contracts, to prove a failure in the consideration of the contract, or fraud in its procurement, or breach of warranty of the title or soundness of personal property, but the defendant was driven, as when he proposed to recover against the plaintiff any *excess* of damages, to his independent action at law to recover the damages he had sustained: 4 Minor's Inst., Pt. 1, 792; *Taylor* v. *King*, 6 Munf. 358; *Burtner* v. *Keran*, 24 Gratt. 42; and *Hayes & Wife* v. *Va. M. P. Ass'n*, 76 Va. 225.

The object of the act of 1831 was to remedy these defects, and to enable a defendant both to make such defences to a suit at law on specialties, and also to recover against the plaintiff any excess of damages he may have sustained, in order to settle in one suit all the rights of the parties arising under the contract, and to prevent circuity of action and a multiplicity of suits. Its object was to enlarge the right of the defence, and not to impair any previous right, or to take away such defences where the law previously permitted them to be made.

In the case of *Todd* v. *Summers*, 2 Gratt. 168, the general issue only was pleaded, but the parties agreed, when the issue was made up, that the defendants and plaintiff might give in evidence any matter which could have been specially pleaded or replied according to law. It appeared upon the trial that the plaintiff had not fully performed his part of the contract sued upon, but the court instructed the jury that the defendants could not be allowed in that action any damages they had sustained by any failure of the plaintiff to perform the agreement on his part. This court held that the defendants were entitled in that action, in reduction of the claim of the plaintiff, to the benefit of any damages they

had sustained by his failure to comply with the agreement on his part, and reversed the judgment of the lower court for the error contained in its instruction. "It seems to me," said Judge Allen, in delivering the opinion of the court, "there would have been no necessity for a special plea to let in evidence of the plaintiff's failure, and all the circumstances of the transaction, to enable the jury to determine what, in justice, he should recover."

The case of *Todd* v. *Summers, supra,* was decided in 1845. Subsequently, in 1856, the very question we are considering was brought directly before the Special Court of Appeals in *Davis* v. *Baxter,* 2 Pat. & H. 133. It was there held that it was competent under the general issue to give evidence in diminution or recoupment of the plaintiff's damages. The same contention was made in that case as is made here, that since the act of 1831 the defence of failure in the consideration could only be availed of by an equitable plea of set-off in accordance with that act. Judge Thompson, who delivered the opinion of the court, after pronouncing such contention to be "a very novel construction of the law," said of that statute:

"Its leading object was to allow defendants to go behind and enquire into the consideration of specialties upon equitable pleas of offsets; and, if you choose, to enable defendants to make such defences in case of parol contracts, where, by the rules of common law, the defence could not be made in a legal forum. What those cases of parol contracts were, which were in the legislative mind, I will not stop to enquire or enumerate, because most certain it is that the act was not intended to take from a defendant a single legal right of defence, but to enlarge the right of defence in a court of law. To show the consequences to which such a construction would lead, take the case of a promissory note, on which the plaintiff elects to bring an action of general *indebitatus assumpsit*, which he may do, and give the note in evidence to sup-

port his action. The defendant pleads *non assumpsit.* As the law stood in 1831, I suppose no one would gainsay the defendant's right to prove fraud, illegality, or failure in the consideration. Suppose he had, on the same or a similar note, brought debt, and the defendant pleaded *nil debet,* it is equally certain, under that issue, he might have proved fraud, illegality, or failure in the consideration, and have defeated the plaintiff. I could multiply cases of a similar kind, yet nobody has ever supposed that these defences must now be made in the form of an equitable plea under the statute, which would follow as a consequence from the counsel's construction of the statute. I cannot give to a statute, whose object was to enlarge the right of defence in a legal forum, a construction and effect so diametrically opposed to its policy and purpose, and hold that it was designed to preclude such a defence as this (except in the form of an equitable plea), a defence clearly admissible at law, in a case of general *indebitatus assumpsit,* according to all authorities, ancient and modern, English and American."

We have made this copious extract from the opinion of Judge Thompson, in which opinion all the judges concurred, because it states so clearly and satisfactorily our view of the rule in question, and the object and effect of the act of 1831, as well as the constant practice, according to our experience, of the trial courts of this Commonwealth.

The case of *Davis* v. *Baxter* is cited by Mr. Robinson in his work on Practice (5th Vol. 268) as declaring the rule in this State on the subject under consideration.

The Court of Appeals of West Virginia took the like view of the act of 1831. In *Sterling Organ Co.* v. *House,* 25 West Va. 88, Green, J., said : " I do not understand this act of 1831, allowing special pleas in certain cases, where the defence is *recoupment,* to exclude the defendant from making this defence under the general issue of *non-assumpsit,* accompanied with notice thereof to the plaintiff."

We have been induced to consider this subject so fully because of its importance in daily practice before the courts.

Our attention was called to the case of *Keckley* v. *Union Bank of Winchester*, 79 Va. 458, in which a different view of the effect of the act of 1831 was suggested, but it is only necessary to say, as appears from what has already been said, that in the view so suggested we do not concur.

The first objection made by the plaintiff to statement No. 3 was therefore untenable.

But while the statement sets forth a ground of defence that is clearly admissible under the general issue of *non-assumpsit*, it does not do so in a manner to apprise the plaintiff of the particulars of the defence. It conveys to him no real information, and is too vague and. indefinite to be of any service. It would be impossible from the statement for the plaintiff even to conjecture, much less understand, what were the matters intended to be relied on to prove that he had not earned his salary. It was, therefore, for the second objection made to it by the plaintiff, properly held by the court to be insufficient.

Statements one, two, and four, when analyzed and stripped of their prolixity and unnecessary formality, set forth a conditional contract. They give notice to the plaintiff that it claims, and will aim to prove on the trial, that he agreed, in consideration of its promise to pay him as its general manager a salary of $2,500 *per annum*, that its business would be so managed that his salary would be paid from its working capital and the profits of its business, and that if it could not be so paid, he would make no charge for his services; and averred that the said part of its capital had been exhausted, and that there were no profits. The existence of such part of its capital and of profits of the business under his management for the payment of his salary is thus averred to be a substantive ingredient in the contract, and a condition precedent to the liability of the company. There was

thus presented a definite and legal defence, which, if proved, would defeat the action.    5 Lawson's Rights and Remedies, sec. 2503; 1 Wharton's Law of Contracts, sec. 598; and *Sunderland Marine Ins. Co. v. Kearney,* 71 E. C. R. 925.

Objection was made to the said statements on the ground of insufficiency and other causes.    The court sustained the objection, rejected the statements, and consequently would not allow the defendant to introduce on the trial any evidence in support of such defence.

We are of opinion that the court erred in not holding the said statements to be sufficient, and in refusing to permit the defendant to introduce any legal and competent evidence in support of the said defence.

The judgment of the Hustings Court must, therefore, be reversed, the verdict set aside, and the case remanded for a new trial to be had in accordance with the views expressed in this opinion.

*Reversed.*