**Richmond.**

Tyson v. Williamson.

January 12, 1899.

Absent, Cardwell and Riely, JJ.

1. EQUITABLE DEFENCES AT LAW—*Fraud in Procurement of Contract—Section 3299 of Code—Rescission.*—Fraud in the procurement of a bond was not available as a defence at common law in an action on the bond, but is so available under sec. 3299 of the Code, and under it the defendant can claim compensation or damages for the injury which he has suffered by reason thereof, but the plea must allege the amount to which the defendant is entitled by reason of the matters contained therein. The plea, however, under the statute, is not available as a defence to a bond given for the purchase price of real estate, if the defence is such as to require a rescission of the contract and a reinvestment of the vendor with the title to the property.

2. DAMAGES—*Fraud in Procurement of Contract.*—Damages for fraud in the procurement of a contract for the sale of land must be ascertained and fixed as of the date of the contract, and not as of the date of a plea to an action on the contract. A plea which avers that the land was worthless at the time the plea was filed is bad.

3. INSTRUCTIONS—*Evidence to Support.*—If there is any evidence tending to prove the facts upon which an instruction is based, and it correctly states the law applicable thereto, it should be given.

4. PLEADING—*Action by Payee and Nominal Owner of Bond—Defences against Real Owner.*—The real owner of a lot, without disclosing his ownership, represented to the defendant that the plaintiff was the owner, and sold it to the defendant as the plaintiff's property, and took the bond of the defendant therefor payable to the plaintiff.

HELD : In an action on the bond by the obligee against the obligor, the defendant may make the same defences as he could have made if the bond had been payable to the real owner, and had then been assigned by him to the plaintiff.

Error to a judgment of the Circuit Court of Rockbridge county rendered September 8, 1897, in an action of debt wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The pleadings and evidence sufficiently appear in the opinion of the court.

After all the evidence had been introduced, the defendant offered the following instructions, which were refused:

"Fourth. That if the jury believe from the evidence that this lot had been placed by the plaintiff in the hands of Brennaman, as a real estate agent, to sell the same, and that said Brennaman authorized White to sell the same, and paid him one-half of the commission for selling the lot; and if they furthermore believe from the evidence that the sale was in fact thus made, and that Williamson, the plaintiff, is now seeking to enforce the said sale, then they are instructed that the plaintiff has ratified the acts of said White, and is as responsible therefor, as well as for such representations as the jury believe were made by said White, as he would have been if they had been done and made by himself.

"Fifth. That if the jury believe from the evidence that the lot had been placed by plaintiff in the hands of Brennaman as his agent, for sale, and that he sold the same to Thomas S. White, and that White sold it to the defendant without disclosing to defendant he was the owner, but had defendant to execute the note, the foundation of this suit, to plaintiff; and if they further believe that White made representations to the defendant of material facts as inducements to purchase the said lot, and they believe those representations were in fact untrue, and said representations were reasonably relied upon by defendant to his prejudice, then the jury is authorized to allow the defendant such set-off against the plaintiff's demand as they deem just and proper."

. A verdict and judgment having been rendered in favor of the plaintiff, the defendant applied for and obtained this writ of error.

*Frank T. Glasgow* and *Greenlee D. Letcher*, for the plaintiff in error.

*Winfield Liggett* and *W. S. Hopkins*, for the defendant in error.

BUCHANAN, J., delivered the opinion, of the court.

The first error assigned is the action of the lower court rejecting pleas numbered one and four, and striking out a portion of plea numbered two, offered by the defendant Tyson.

The defence attempted to be set up in plea No. 1, and in that portion of plea No. 2 which the court ordered to be stricken out, was substantially the same. It was averred in those pleas that the defendant was induced to enter into the contract for the purchase of the lot for which the bond sued on was executed by certain representations as to the solvency of one McBryde; that these representations were false and fraudulent; that the defendant, soon after he discovered the fraud practiced upon him, refused to pay the bond in suit, and offered to rescind the contract for the purchase of the lot, and to make- a deed reconveying it to the plaintiff, but that the plaintiff refused to rescind; wherefore the defendant averred that he was not liable on the writing sued on.

It was not permitted at common law, in an action upon contracts under seal, to prove a failure in the consideration of the contract, or fraud in its procurement, or breach of warranty of the title or soundness of the personal property, but the defendant had to resort to his independent action for relief. *Wyche* v. *Macklin*, 2 Rand. 426; *Columbia Accident Ass'n* v. *Rockey*, 93 Va. 678; 4 Minor's Inst. (3d Ed.) 792.

It is only by virtue of sec. 3299 of the Code that such defences can be made in an action upon such a contract (*Colum-*

*bia Accident Ass'n* v. *Rockey, supra*), and under it the defendant can claim compensation or damages for the injury which he has suffered by reason thereof, and the plea which sets up such defence must "allege the amount to which he is entitled by reason of the matters contained in the plea."

If the defence is based upon equitable grounds which require a *rescission of* the contract, and a reinvestment of the vendor with the title, the plea provided for by that statute is not available, because the court of law is incompetent to do complete justice between the parties. *Mangus* v. *McClelland*, 93 Va. 786; 4 Minor's Inst. 796.

There can be no rescission in this action; neither can there be a plea in bar based upon the right and offer to rescind. If the fraud or misrepresentation relied on is such as to justify a rescission of the contract, as to which we express no opinion, that relief can only be had in a court of equity.

The pleas were bad both at common law and under the statute, and were properly rejected by the Circuit Court.

Plea No. 4 was evidently framed with reference to the provisions of sec. 3299 of the Code, but it does not aver that the lot, which the defendant was induced to purchase by the alleged misrepresentations of the plaintiff's agent, was not worth, at the date of his contract, what he agreed to give for it, but avers that it was worthless at the time the plea was filed. That averment is not sufficient. His damages, if any, are to be ascertained and fixed as of the date of the contract, the time the fraud is alleged to have been committed, and not as of the date his plea was filed.

This plea was also properly rejected.

Instruction No. 4 of the defendant was refused by the court. This action is assigned as error. The only objection made to it by the plaintiff's counsel is that there was no evidence tending to prove the facts upon which it was based. In this we think he is mistaken.

White states, in one part of his testimony, though he makes

a different statement in another part, that he was authorized by Brennaman to sell the lot, and the defendant testifies positively and without objection that White told him when he purchased the lot that he (White) represented Williamson, the owner of it.

Under our practice, if there be any evidence tending to prove the facts upon which an instruction is based, and it correctly states the law applicable to such a state of facts, the instruction should be given. *Washington, &c. R. Co.* v. *Lacey,* 94 Va. 460, and cases cited.

The defendant's instruction No. 5, which the court rejected, ought to have been given. If White purchased the lot from the plaintiff, and sold it to the defendant without disclosing the fact that he was the owner of it, but represented that the plaintiff was the owner, and had the bond made payable to the plaintiff instead of to himself, it would be subject to the same defences in a suit between the plaintiff and the defendant as it would have been if it had been made payable to White, and then assigned by him to the plaintiff.

For these errors the judgment complained of must be reversed and the cause remanded for a new trial, to be had in accordance with the views expressed in this opinion.

<div align="right">

*Reversed.*