# Wytheville.

## South Roanoke Land Co. v. Roberts.

### June 20, 1901.

1. PLEADING—*Plea under Section 3299 of Code—Date of Valuation of Property.*—A plea of special set-off under section 3299 of the Code which sets up the worthlessness of property which formed the consideration of the contract in suit, must aver worthlessness at the time of the contract, and not at the date of plea.

2. PLEADING—*Demurrer to Evidence—Form of Verdict.*—Where the only defence set up to the plaintiff's cause of action is for damages by way of a special set-off under section 3299 of the Code, and the plaintiff demurs to the defendant's evidence, the verdict should be for the defendant, assessing his damages at a stated sum, subject to the opinion of the court upon the plaintiff's demurrer to the evidence, and if upon the demurrer to the evidence, the law be with the plaintiff, then for the plaintiff, whatever sum the jury ascertain to be due.

Error to a judgment of the Circuit Court of Culpeper county, rendered March 28, 1899, in an action of debt, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The facts sufficiently appear in the opinion of the court. The defendant withdrew his plea of the general issue, and the case was tried on the issues made by five special pleas, all filed under section 3299 of the Code.

*Barbour & Rixey,* for the plaintiff in error.

*G. D. Gray,* and *Hay, Jeffries & Perry,* for the defendant in error.

Keith, P., delivered the opinion of the court.

The South Roanoke Land Company sued J. J. Roberts in the Circuit Court of Culpeper county upon four negotiable notes, each for the sum of $266, dated May 20, 1891, payable to the Crystal Springs Land Company, and by that company endorsed to the plaintiff. The defendant went to trial upon special pleas. In plea No. 1 he states that the notes were made for the purchase price of four lots of land sold by the Crystal Springs Land Company to the defendant and one E. H. Stewart, which lots were represented to be in the city of Roanoke. The whole purchase price was $1,600, of which Roberts paid one-third in cash, and gave his four notes for the balance, which are the notes in suit. Roberts then avers that the contract for the sale of the lots on which the notes were founded was procured from him by false and fraudulent representations made to him by the Crystal Springs Land Company through its president, E. H. Stewart, who represented that the lots were valuable and salable; that the company had during a week of April, 1891, sold $125,000 of its land in said city, and that in thirty days their sales had amounted to about $500,000; that he had been permitted to select twelve of the best lots for himself at the price of $400 each, one-half interest in which he would sell to the defendant if said defendant would make the cash payment, he (Stewart) to make the first deferred payment, and the two together to make the third and last payment; that relying upon these assurances defendant entered into the contract for the purchase of the lots, and executed the notes filed with the declaration; that all of said representations were untrue, and that by reason of the matters in the plea contained the defendant has sustained damages to the amount of $1,500, which he is entitled to have set-off against the demand of the plaintiff.

This plea was objected to by the plaintiff as being in violation of the rule which requires singleness of issue, as it embraces in one plea several distinct false representations, each of which the plaintiff claims should have been pleaded separately, if at all.

The court overruled this objection and permitted the plea to be filed, and thereupon the defendant filed pleas setting out separately the several representations embraced in the first plea. To these pleas the plaintiff objected upon the ground that the representations, whether pleaded in one or several pleas, constituted no defence to the action. This objection the court overruled, and permitted the pleas to be filed; and thereupon the plaintiff joined issue upon them, the jury was sworn, the evidence for plaintiff and defendant introduced, the plaintiff demurred to the defendant's evidence, and the jury rendered the following verdict:

" We, the jury, upon the issues joined, find for the plaintiff the sum of $1,066.64, with interest from July 18, 1892, until paid, subject to the opinion of the court upon the plaintiff's demurrer to the evidence."

Upon this verdict the court entered a judgment for the defendant, and the case is before us upon a writ of error.

The five special pleas upon which the case was tried were filed under section 3299 of the Code. The plaintiff had made out its case by the introduction of the notes of the defendant duly executed and delivered. To avoid his liability upon them, the defendant pleaded that he was induced to execute them by the false and fraudulent representations of the plaintiff which induced him to purchase the lots, for the price of which the notes were executed. The Circuit Court held the pleas to be sufficient, and it then devolved upon the defendant to make good by proof what he had averred in his pleas. It was for him to show not the value of the lots at the time of the trial, but their value at

the date when he became the purchaser. There is no evidence whatever upon this subject. Indeed, a fair inference from the evidence is that, at the date of the purchase, the lots were reasonably worth the price which the defendant undertook to pay. There is certainly no proof and no fact from which the jury were authorized to infer that such was not the case.

As was said by Buchanan, J., in *Tyson* v. *Williamson*, 96 Va. 639:

" Plea No. 4 was evidently framed with reference to the provisions of section 3299 of the Code, but it does not aver that the lot, which the defendant was induced to purchase by the alleged misrepresentations of the plaintiff's agent, was not worth, at the date of his contract, what he agreed to give for it, but avers that it was worthless at the time the plea was filed. That averment is not sufficient. His damages, if any, are to be ascertained and fixed as of the date of the contract, the time the fraud is alleged to have been committed, and not as of the date his plea was filed."

The case stated is directly in point, and is conclusive of that under consideration.

There is one objection, however, urged by the plaintiff in error, which should not be passed over without some comment. The plaintiff demurred to the defendant's evidence. The jury found a verdict upon the issues joined in favor of the plaintiff for the entire sum demanded by him. The pleas filed by the defendant aver that he had suffered damage by reason of certain representations which had induced him to enter into the contract, but the jury assesses by its verdict no damages against the plaintiff, nor is there any alternative finding in whole or in part in favor of the defendant. It would seem that in such a case the proper verdict upon a demurrer to the evidence would have been: We, the jury, upon the issues joined, find for the defendant and assess his damages at a stated sum, subject to the opinion of the court upon the plaintiff's demurrer to the evi-

dence; but if, upon the demurrer to the evidence, the law be with the plaintiff, then we find for the plaintiff the sum ascertained to be due him.   We mention this, however, merely by way of precaution, lest our silence might be construed into an approval of the mode of proceeding here adopted.

We are of opinion that the judgment of the Circuit Court should be reversed, and this court will proceed to enter such judgment as the Circuit Court should have rendered.

*Reversed.*