### Richmond.

### LETERMAN v. CHARLOTTESVILLE LUMBER CO.

March 10, 1910.

1. PLEA IN ABATEMENT—*Non-Joinder of Partner as Defendant—Adverse Finding—Effect as Res Judicata.*—Where a defendant to an action on contract pleads in abatement that the contract was entered into by him on behalf of a firm composed of himself and another who should be united as a defendant, a finding against the defendant on this plea establishes the fact that the contract was made with the defendant personally and not with the firm, and that the plaintiff has the right to sue the defendant for a breach of the contract, but it does not determine that the defendant, in making the contract, was not acting for the firm.

2. PRINCIPAL AND AGENT—*Personal Liability of Agent—Rights of Third Persons.*—An agent may become liable on a contract contrary to his actual intention, but if he contracts in such form or under such circumstances as to make himself personally liable, he cannot afterwards, whether his principal was or was not known at the time of the contract, relieve himself of that responsibility.

3. PRINCIPAL AND AGENT—*Undisclosed Principal—Rights and Liabilities of Agent and Other Party.*—When a non-negotiable simple contract is entered into between an agent of an undisclosed principal and a third person, the latter may, as a general rule, hold either the agent or his principal, when discovered, personally liable on the contract, but he cannot hold both. So, likewise, either the agent or his principal may sue upon such a contract; the defendant, when the principal sues upon it, being entitled to be placed in the same situation at the time of the disclosure of the real principal, as if the agent had been the contracting party. If the agent is sued the plaintiff recovers such damages as have resulted from the breach of the contract by him. If the agent sues, he is entitled to recover (unless his principal interferes in the suit) the full measure of damages in the same manner as though the action had been brought by the principal.

4. PRINCIPAL AND AGENT—*Undisclosed Principal—Action Against Agent—Defense Under Section 3299 of Code—Beneficial Interest of*

*Principal.*—An agent of an undisclosed principal when sued upon the contract by the other party thereto may, under section 3299 of the Code, set up as a defense any matter which would entitle him either to recover damages at law from the plaintiff or the person under whom the plaintiff claims, or relief in equity, in whole or in part, against the obligation of the contract sued on. He is entitled to the same relief as could be obtained in an independent action brought for the same cause. He is deemed to have brought an action at the time of filing the plea. If the agent defends under section 3299 of the Code, it is no ground of objection to the plea that the beneficial interest in the recovery, if any, is in another, or that the agent will have to account to another.

5. Principal and Agent—*Undisclosed Principal—Action Against Agent —Defense Under Section 3299 of Code.*—If an agent of an undisclosed principal is sued by the other party to the contract for the price of work done, the agent may, under section 3299 of the Code, set up the damages resulting from the failure of the plaintiff to do the work, and get the benefit of such damages as fully as if he had instituted an independent action to recover them.

6. Pleading—*Recoupment at Common Law and Under Section 3299 of Code.*—When the demands of both parties spring out of the same simple contract, the defendant may assert a claim for unliquidated damages under his common law right of recoupment, or under section 3299 of the Code, which does not impair his common law right, but, in addition thereto, permits the defendant to recover any legal damages he can prove in excess of the damages claimed by the plaintiff.

Error to a judgment of the Corporation Court of the city of Charlottesville in an action of *assumpsit.* Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Perkins & Perkins* and *H. W. Walsh,* for the plaintiff in error.

*George E. Walker* and *John W. Fishburne,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

In the view we take of this case the only question necessary to be considered is whether or not the trial court erred in striking out the special plea filed by Leterman (the plaintiff in error), who was defendant in that court.

One objection made to the plea is "That the plea sets forth the fact that the contract between the plaintiff and defendant was entered into by the defendant on behalf of a firm, composed of himself and one Alfred Wollberg, which matter has been already formally and finally adjudicated by submitting that question to a jury at a former term of this court, as is shown in writing filed by the plaintiff, by counsel, as one of the grounds for excluding said plea."

The only effect of the verdict of the jury upon the issue raised by the plea in abatement for the non-joinder of Alfred Wollberg as a party defendant was to establish the fact that the contract, for the breach of which the plaintiff sought to recover damages, was made with Leterman personally, and not with the firm of Leterman & Wollberg; and that the plaintiff had the right to sue the former for a breach of the contract. It did not determine that Leterman, in making that contract, may not have been acting, as averred in his special plea, in behalf of the firm of Leterman & Wollberg. That question was not involved in the issue on the plea in abatement. An agent may even become liable on a contract contrary to his actual intention; but if he contracts in such a form or under such circumstances as to make himself personally responsible, he cannot afterwards, whether his principal was or was not known at the time of the contract, relieve himself of that responsibility. 2 Clark & Skyles on Agency, sec. 566, and cases cited; 1 Min. Inst., 235-7; 3 Rob. Pr. (New), 54, and authorities cited.

Another objection made to the plea is that it "attempts to set off the claim of the partnership of Leterman & Wollberg

against the individual demand of the plaintiff against the defendant."

Where a person enters into a simple contract, oral or in writing, other than a negotiable instrument, in his own name, when he is in fact acting as the agent of another and for his benefit, without disclosing his principal, the other party to the contract may, as a general rule, hold either the agent or his principal, when discovered, personally liable on the contract. But he cannot hold both. 1 Min. Inst., p. 236-7, and cases cited; 3 Rob. Pr. (New), 50, and cases cited; Clark & Skyles on Agency, secs. 457, 568.

It is also equally well settled that upon such a contract either the agent or the principal may sue; the defendant, where the principal sues upon it, being entitled to be placed in the same situation at the time of the disclosure of the real principal as if the agent had been the contracting party. *National Bank* v. *Nolting,* 94 Va. 263, 26 S. E. 826; 3 Rob. Pr. (New), 36, and cases cited; 1 Min. Inst. 239, and cases cited; Clark & Skyles on Law of Agency, sec. 614.

If the agent of the undisclosed principal be sued by the other party to the contract the latter may recover such damages as have resulted from the breach of it on the agent's part. On the other hand, if such agent sues, he may recover such damages as have resulted by reason of the breach of the contract by the other party—unless his principal interferes in the suit; and he is entitled to recover the full measure of damages in the same manner as though the action had been brought by the principal. See Clark & Skyles on Agency, sec. 624; Mechem on Agency, secs. 755, 763; *Joseph* v. *Knox,* 3 Camp. 320, 321-2; *Gardner* v. *Davis,* 2 Car. & Payne, 49; *United States Tel. Co.* v. *Gildersleeve,* 29 Md. 232, 96 Am. Dec. 519, 522-3; *Rhoades* v. *Blackiston,* 106 Mass. 334, 8 Am. Rep. 322, 333-4; 31 Cyc. 1564; *Shelby* v. *Burrow,* 76 Ark. 558, 89 S. W. 464, 1 L. R. A. (N. S.) 303; 6 Am. & Eng. Ann. Cases, 554, and note.

There are exceptions to the general principles of law stated above, but they do not affect the question now under consideration, and need not, therefore, be mentioned.

Since either party to the contract set up in the special plea had the right to sue the other for its breach, if he failed to keep and perform it on his part, it follows that either, when sued by the other for its breach, had the right to set up as a defense, under section 3299 of the Code, any matter which would "entitle him either to recover damages at law from the plaintiff or the person under whom the plaintiff claims, or relief in equity, in whole or in part, against the obligation of the contract" sued on.

"The plain purpose of that section," as said by Judge Moncure in *Huff* v. *Broyles,* 26 Gratt. 283, 285, "was to give precisely the same measure of relief on a plea filed under the same as could be obtained in an independent action brought for the same cause . ." See *Am. Manganese Co.* v. *Va. Manganese Co.,* 91 Va. 272, 282, 21 S. E. 466; *Columbia Accident Co.* v. *Rockey,* 93 Va. 678, 25 S. E. 1009; *Mangus* v. *McClelland,* 93 Va. 786, 22 S. E. 364; *Tyson* v. *Williamson,* 96 Va. 636, 32 S. E. 42; *Kinzie* v. *Riely, Ex'or,* 100 Va. 709, 42 S. E. 872.

By section 3303 of the Code it is declared that a defendant who files a plea under section 3299 shall be deemed to have brought an action at the time of filing such plea.

The defendant having the right to set up in a special plea under section 3299 any damages which resulted from a breach of the contract, which he could have recovered in an independent action, the fact that his recovery over, if any, was for the benefit of Leterman & Wollberg furnished no ground of objection to the special plea; for it is settled that if the agent of an undisclosed principal sues, it is no ground of defense that the beneficial interest is in another, or that the plaintiff, if he makes a recovery, will be bound to account to another. See *Rhoades* v. *Blackiston, supra; United States Tel. Co.* v. *Gildersleeve, supra;*

*Joseph* v. *Knox, supra; Seaman* v. *Slater* (C. C.), 49 Fed. 37; Clark & Skyles on Agency, sec. 619; Mechem on Agency, sec. 755.

The damages claimed in the special plea, as it avers, resulted from the failure on the part of the plaintiff to do the work, to recover the price of which he brought his action, in the manner and within the time provided by the contract, and the defendant had the right, under section 3299 of the Code to set them up and to get the benefit of them in this action as fully as if he had instituted an independent action to recover them. No prejudice can result to the plaintiff from compelling him on his part to answer for not performing the contract to the agent whom he is holding for its breach instead of the principal.

The remaining objection made to the special plea is that the claim set up in it is for unliquidated damages.

When the demands of both parties spring out of the same contract the defendant may assert a claim for unliquidated damages under his common law right of recoupment, or under section 3299 of the Code, which does not impair his common law right, but, in addition thereto, permits the defendant to recover any legal damages he can prove in excess of the damages claimed by the plaintiff. *N. N. & O. Ry., &c.,* v. *Bickford,* 105 Va. 182, 52 S. E. 1011; 5 Rob. Pr. 267; *Columbia Accident Asso.* v. *Rockey, supra.*

The judgment complained of must, therefore, be reversed, the verdict of the jury set aside, the order striking out the special plea reversed and annulled, and the cause remanded to the corporation court for further proceedings to be had not in conflict with the views expressed in this opinion.

*Reversed.*