# Staunton

## DAMERON v. QUICK.

### September 7, 1914.

1. PRINCIPAL AND AGENT—*Undisclosed Principal—Election—Evidence of Proof of Debt in Bankruptcy Against Agent.*—Before a party can be held to have made an election to hold the agent rather than his undisclosed principal liable, it is necessary that he should have full knowledge of all the facts, and of his rights in the case. The conduct relied upon, to be conclusive, should be such as to show a final and unequivocal election—such as would lead a reasonably prudent man, acting in good faith, to conclude that the party had elected to hold the agent only. To constitute an election, there must be something to indicate an intention, with full knowledge of the facts, to give sole credit to the agent, and abandon all claims against the principal. Merely filing a claim in bankruptcy against the estate of the insolvent agent of an undisclosed principal, while the foundation of the plaintiff's claim is in litigation between the agent and his principal, is not a conclusive election by the creditor to hold the agent.

2. APPEAL AND ERROR—*Objections Not Made in Trial Court—Case at Bar.*—Objection that a contract was a sealed instrument and that therefore parol evidence was not admissible to charge the defendant thereon as an undisclosed principal, cannot be made for the first time in this court. In the case at bar, the defendant did not rely upon that fact in her grounds of defense, nor object to the introduction of the contract in evidence, but on the contrary based an instruction upon the contract, and hence cannot now raise the objection in this court.

Error to a judgment of the Law and Chancery Court of the city of Roanoke in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Whitehead & Whitehead,* for the plaintiff in error.

*Johnston & Izard,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of assumpsit was brought by Walter J. Quick, suing for the benefit of the Virginia Land Immigration Bureau, against Nannie W. Dameron, to recover $2,500 alleged to be due. The declaration contains the common counts in assumpsit. The plaintiff filed a bill of particulars, stating that by reason of a certain contract entered into between J. C. Dameron and himself, on the 2nd day of March, 1910, the defendant became indebted to the plaintiff in the sum of $2,500 by reason of the fact that at the time the contract was made J. C. Dameron, who executed and signed the same, was acting for the defendant, who was his undisclosed principal. The defendant pleaded the general issue and filed a statement of the grounds of her defense. The subsequent proceedings resulted in two trials, the first in a verdict in favor of the defendant which was set aside, and the second in a verdict and final judgment thereon in favor of the plaintiff, to which the defendant has obtained the present writ of error.

It is clear from the record that the plaintiff, W. J. Quick, performed his part of the contract of March 2, 1910, and was entitled to recover the sum therein stipulated as the value of his services. It is equally clear that J. C. Dameron, with whom the contract was made, was acting as agent for the defendant, Nannie W. Dameron, as his undisclosed principal, and that she received all of the benefits flowing from the contract. The defense to

the plaintiff's claim chiefly relied upon was that the plaintiff could not hold both the undisclosed principal and her agent; that he must elect which of the two he would look to for satisfaction; and that in fact he had elected to hold the agent, J. C. Dameron, and could not now be permitted to recover against the principal. The main ground urged in support of the contention that the plaintiff had elected to hold the agent alone for his debt was, that he had filed the proof of such claim in a bankrupt proceeding against J. C. Dameron, who was subsequently discharged of the debt.

It is necessary, before a party can be held to have made an election, that he should have full knowledge of all the facts, and of his rights in the case. The conduct relied upon, to be conclusive, should be such as to show a final and unequivocal election; or in other words should be such as would lead a reasonably prudent man, acting in good faith, to conclude that the party had elected to hold the agent only. Clarke & Sykes on the Law of Agency, Vol. 1, sec. 462. To constitute an election, there must be something to indicate an intention, with full knowledge of the facts, to give sole credit to the agent, and abandon all claim against the principal. 31 Cyc. 1579; *Steel Smith Grocery Co.* v. *Potthast,* 109 Iowa 413, 80 N. W. 517.

Filing a claim in bankruptcy against the estate of the insolvent agent of an undisclosed principal is not a conclusive election by the creditor to hold the agent. 31 Cyc. 1579, n; Mechem on Agency, sec. 699.

In the case at bar the proof of the plaintiff's debt in the bankrupt proceeding, on its face, expressly claimed against both the insolvent agent and his principal, thereby indicating an intention not to surrender the right to go against the defendant, Nannie W. Dameron.

The agent, J. C. Dameron, had contracted to assign

several United States patents to a certain organization and at the time the plaintiff filed his claim in the bankrupt court he knew that the defendant had asserted that the patents belonged to her. The matter, however, was in litigation in the State court between the trustee in bankruptcy and the defendant, and was finally decided by this court in favor of the defendant, Nannie W. Dameron. *Hughson* v. *Dameron,* 113 Va. 607, 75 S. E. 92. These patents were the foundation of the plaintiff's claim, and upon which he relied for its satisfaction. In the nature of things, he could make no intelligent election between holding the principal or the agent as his debtor until the litigation over the patents was ended, and he knew which of the two owned them. Soon after it was determined that the defendant was the owner of the patents this suit was brought against her to enforce the plaintiff's claim. The record furnishes no sufficient ground for the contention that the plaintiff, by any act of his, ever intended, with full knowledge of the facts, to give full credit to the agent, and abandon his claim against the principal. Nor does it appear that the defendant has suffered any injustice or been in the slightest degree misled by any step taken or act done by the plaintiff.

Objection was made for the first time in oral argument at the bar of this court that the contract of March 2, 1910, was a sealed instrument, and, therefore, that parol evidence was improperly admitted to charge the defendant, who was an undisclosed principal. If the defendant, in her grounds of defense, had relied upon the fact that the contract was under seal, and, therefore, that no action could be maintained thereon against her, she not being a party to it, there could probably have been no recovery against her in this case. *Leterman* v. *Charlottesville Lumber Co.,* 110 Va. 769, 67 S. E. 281. But she not only did not rely upon that fact in her grounds

of defense, but did not object to the contract being put in evidence; not only this, but she based an instruction given for her on the first trial upon the contract and asked for the same instruction on the second trial. Under these circumstances she cannot be heard to raise that question for the first time in the appellate court. It would be allowing her to assume utterly inconsistent positions in this court from those taken in the lower court.

There was no error in setting aside the verdict on the first trial. The court had given for the defendant an instruction based upon the theory that there had been an election, by reason of the plaintiff having proved his claim in the bankrupt court against J. C. Dameron. The lower court, upon reflection, properly took the view that the filing of the claim of debt in the bankrupt court, and the subsequent steps taken, as disclosed by the evidence at the first trial, were not sufficient to show an election or to sustain an instruction based upon that theory. The instruction was, in view of the facts and the authorities cited, wholly misleading, and, therefore, the verdict based upon it was properly set aside and a new trial ordered. Upon the second trial the case was fairly submitted to the jury, and their verdict in favor of the plaintiff was in accordance with the law and the facts.

The judgment complained of is without prejudice to the rights of the defendant, and it must be affirmed.

*Affirmed.*