## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Willie Cosby

v.

Ed Taylor
and Ed Taylor, Inc.

January 11, 1968

Case No. A-9928

By JUDGE ALEX H. SANDS, JR.

Up until two years ago, for a number of years defendant, Ed Taylor, had been employed by Bernstein Construction Co., his duties being to arrange subcontracts for the various companies engaged in work upon Bernstein contracts. During this period Taylor would contract with plaintiff, Willie Cosby, for rough grading work, landscaping and basement excavation work upon various projects being operated by Bernstein. In each instance plaintiff would negotiate with Taylor, individually, but he would be paid for his work by corporate check of such corporation as was handling the particular job.

Approximately two years ago Taylor left Bernstein and organized Ed Taylor, Inc., to conduct a business similar to the work that he had been doing for Bernstein. While he told plaintiff that he had left Bernstein, he did not mention to plaintiff that he had organized a corporation. Defendant continued to contact plaintiff for work on sundry contracts, paying him by corporate check of "Ed Taylor, Inc." Upon one such contract plaintiff performed the stipulated services and billed Ed Taylor for his charges of $800.00. The corporation having become insolvent, the bill was not paid, whereupon, plaintiff entered suit against Ed Taylor, individually, and Ed Taylor,

Inc. Judgment went by default as to the corporation and was then tried as to Ed Taylor, who denied any personal liability, contending that the obligation was solely that of the corporation.

The sole issue is whether plaintiff dealt with Taylor, individually, or with Ed Taylor, Inc., in contracting to do the job. Taylor admits that the work was completed in a highly satisfactory manner and that the charges made by plaintiff were proper charges. Upon whom should the loss fall?

Were there any question of bad faith or fraud on the part of Taylor in his dealing with plaintiff or any indication that he had intentionally led plaintiff to believe that he was dealing with him as an individual rather than as an officer of the corporation the answer would be simple. But the evidence, on the contrary, conclusively shows good faith throughout on the part of Taylor.

Bearing in mind the general rule that the law of agency applies to officers and agents of a corporation in regards their dealing with third parties, 4 M.J., *Corporations*, sec. 158; *Union Bank, etc.* v. *Long Pole Lumber Co.*, 70 W. Va. 558, 74 S.E. 674 (1912), it appears that the rules of agency are determinative of the problem here involved.

The law in this state is well settled that individuals who contract for the benefit of a company, society, or unincorporated association where the credit is given to such individual and not to the company or association, are personally liable to the person extending such credit. *Trustees of Presbyterian Church* v. *Manson*, 25 Va. (4 Rand.) 197 (1826). And this is true even though the assumption of personal liability is contrary to the actual intention of the individual who is acting for his company. *See Leterman* v. *Charlottesville Lumber Co.*, 110 Va. 769 (1910).

Under this rule one who performs services at the request of an agent, who fails to disclose his principal for whom the request is made, may recover of the agent therefor. *See* 1A M.J., *Agency*, sec. 73. And it is the duty of such agent to disclose the party for whom he is acting and not on the party with whom he deals to discover for whom the agent is acting. *See Curtis* v. *Miller*, 73 W. Va. 481, 80 S.E. 774 (1914).

Applying these recognized principles to the facts in the case before the Court, the answer is clear. For many years plaintiff had admittedly been dealing with defendant upon a personal and individual basis. It was defendant who hired him, defendant who directed his work and defendant to whom he looked for, and received, payment for his services. The fact that the payment was by check from different corporations, depending upon what project the work was done on, would not alter the relationship between plaintiff and defendant. That plaintiff looked to defendant, individually, is abundantly clear, both from his testimony and from the method of his billing, as shown by Plaintiff's Exhibit # 1, the bill being directed to "Mr. Ed Taylor."

When defendant left Bernstein and organized a corporation to do the work which he had been formerly doing as an individual it was incumbent upon him to so advise plaintiff if he expected to alter the relationship which had existed between them over the years. See authorities, *supra*.

For the above reasons, judgment will be for the plaintiff against the defendant, Ed Taylor, individually, in the amount of $860.00.