## CIRCUIT COURT OF THE CITY OF RICHMOND

Sol Salins, Inc.

v.

Ernest Barton,
a/k/a Ernie Barton

July 2, 1987

Case No. LJ 1031-1

By JUDGE MELVIN R. HUGHES, JR.

In this case the question is whether the plaintiff is entitled to recover against the defendant individually on an open account. Defendant defends on the ground that any recovery must be against the corporation of which he is a principal. After the trial, the court took the case under advisement.

There is no dispute that the amount due is $229,019.53. The evidence revealed defendant incorporated his business in Virginia in 1979, and the parties' course of dealing as to the amount claimed occurred during 1984-1985.

Plaintiff is a wholesaler of produce for produce distributors and retailers. The evidence revealed the parties dealt with one another during the time by defendant placing and plaintiff filling orders at its facility in Washington, D.C., for "Barton Produce," or for "Ernest Barton." The order was usually taken by plaintiff's book-keeper by telephone almost on a daily basis. Sol Salins, secretary-treasurer of plaintiff during the time, testified most of defendant's orders were filled during his shift and he meant to deal strictly with Ernest Barton. He further testified defendant's trucks had only "Barton Produce" markings on them and he intended to deal with Barton, individually.

Ernest Barton testified he did not "introduce himself as a corporation" and the question of his company's corporate status never came up during his dealings with plaintiff. He argues he is otherwise known as having an incorporated business and public records and standard, commonly known references in the industry, "blue book and red books" as well as the Perishable Agricultural Commodities Act, a federal law, provide the means by which any entity's status and credit background in the produce industry can be ascertained.

Counsel have not cited any authority for their respective positions. My research does not reveal any case in Virginia directly on point. The evidence reveals neither party raised the corporate status question in their dealings. The defendant at all times while not interposing the corporate status, did present himself to plaintiff as a sole proprietorship in placing orders and in taking delivery of the goods in vehicles not marked or carrying any indication of corporate status. Other courts have held that a corporation has a duty to reveal its corporate status to persons with whom it is dealing, *R. E. Patterson v. Duron Paints of Georgia, Inc.*, 144 Ga. App. 123, 240 S.E.2d 603 (1977).

Accordingly, I find defendant personally liable for plaintiff's claim and judgment is entered consistently.