## CIRCUIT COURT OF FAIRFAX COUNTY

City of Fairfax

v.

Michael J. Cestaro

July 30, 1990

Case No. (Law) 94330

By JUDGE WILLIAM G. PLUMMER

This matter is before the Court on defendant Michael J. Cestaro t/a Cestaro & Company, Inc.'s Motion to Dismiss. Defendant asserts that plaintiff City of Fairfax committed a misjoinder of defendants. On April 27, 1990, the Court requested that each of the parties submit a Memorandum of Law. The defendant did not file a Memorandum. For the reasons stated below, the Court denies the defendant's Motion to Dismiss.

The facts underlying the defendant's Motion are not in dispute. Plaintiff entered into a written contract with Cestaro & Company, Inc. ("C & C, Inc.") on August 28, 1988. The contract, signed by Michael J. Cestaro as President of C & C, Inc., called for C & C, Inc., to develop and install a software system for the City of Fairfax Treasurer's Office. Plaintiff notified C & C, Inc., in July and November of 1989 that it had not complied with the contract. Plaintiff then declared C & C, Inc., in default and terminated the contract.

Before the commencement of this suit, plaintiff determined that C & C, Inc., did not hold a certificate of authority to transact business in Virginia, nor was

C & C, Inc., the name of a corporation existing under the laws of Virginia when it contracted with the plaintiff.

On December 1, 1989, plaintiff filed a Motion for Judgment with this Court. On January 12, 1990, a fictitious name certificate was acknowledged as received by the Virginia State Corporation Commission for Cestaro & Company, Inc. In addition, in a May 24, 1988, letter, signed by Michael J. Cestaro as President, Cestaro & Company, Inc., to the City of Fairfax, it was stated that C & C, Inc., was a registered, regular Virginia corporation. Annual reports were filed with the State Corporation Commission by the defendant in the name of Michael J. Cestaro & Company, Inc., for 1986, 1987, and 1988. Virginia Corporation Income Tax Returns for 1983 and 1984 were filed in the name of Michael J. Cestaro & Co., Inc.; for 1985 through 1988, the tax returns were filed for C & C, Inc. Also, defendants admitted, in Response Number 2 to Requests for Production (First Set), that "all documents were examined in the name of Cestaro and Company, Inc., and not in the name of Michael J. Cestaro & Company, Inc."

Section 13.1-622, Virginia Code, imposes liability upon all persons who knowingly transact business on behalf of a non-existent corporation unless the other party also knew that no corporation existed. Va. Code Ann. § 13.1-622 (1989). According to the defendant's Responses to Requests for Production, Mr. Cestaro contracted with the City of Fairfax using the name C & C, Inc., a corporation that did not exist at the time of the contract.

Defendants have also admitted that the corporation did not hold itself out to the City of Fairfax as Michael J. Cestaro & Company, Inc., nor was the corporate name Michael J. Cestaro & Company, Inc., were disclosed to the plaintiff. Under the laws of agency, Mr. Cestaro, by signing the contract, was acting as the agent of an undisclosed principal Michael J. Cestaro & Company, Inc., and can therefore be held liable on the contract. *Letterman v. Charlottesville Lumber Co.*, 110 Va. 769, 772 (1910).

Section 59.1-69 of the Virginia Code requires that a certificate be filed with the Clerk of the Circuit Court where the business is located, setting forth specific information concerning the entity. Particularly, "no person, partnership, or corporation shall conduct or transact business in this Commonwealth under any assumed or ficti-

tious name unless such person, partnership, or corporation shall sign and acknowledge a certificate . . ." containing such information. Va. Code Ann. § 59.1-69 (1987). The purpose of this statute is to prevent fraud and to require the contracting party to reveal the true owner's name so that the wronged party can sue in the proper name. *Leckie v. Seal*, 161 Va. 215 (1933). Otherwise, if a plaintiff names a non-existent entity as the defendant in its complaint and the claim is then reduced to judgment, the judgment would be void. *Id.* at 225.

Finally, a corporation has a duty to reveal its corporate identity to persons with whom it deals. *Sol Salins, Inc. v. Ernest Barton, a/k/a Ernie Barton*, 9 Va. Cir. 141 (1987). The defendants failed to inform plaintiff that the corporation responsible under the contract was Michael J. Cestaro & Company, Inc. The liability under the contract therefore rests with Mr. Cestaro, contracting in his personal capacity.

It is important to note that plaintiff, by naming both Michael J. Cestaro, trading as C & C, Inc., and Michael J. Cestaro as defendants, has unnecessarily named the same defendant twice. Although a suit will not be defeated by a misjoinder, § 8.01-5 of the Virginia Code allows a misjoined party to be dropped by order of the court. Va. Code Ann. § 8.01-5 (1984).

Accordingly, defendant's Motion to Dismiss is denied. Plaintiff shall prepare an Order correcting the misjoinder of parties.