Moncure P.
delivered the opinion of the court.
The question presented by this record is, whether a vendee, who, in an action on the contract for the price of the property purchased, files a plea under the statute, alleging any such failure in the consideration of the contract, or any such breach of any warranty to him &c., as would entitle him, either to recover damages at law from the plaintiff &c., or to relief in equity, in whole or in part, against the obligation of the contract; and who, in such action, obtains relief to the full extent of the price; is entitled to recover in an action subsequently brought by him, any damages which he may have sustained by the said breach of such warranty over and above the price of the property?
The statute referred to is contained in the Code of 1873, chapter 168, pp. 1098-1100. Section 5, of the chapter, provides, that “ in any action on a contract, the defendant may file a plea alleging any such failure in the consideration of the contract, or fraud in its procurement, or any-such breach of any warranty to him of the title or the soundness of personal property, for the price or value whereof he entered iuto the contract, or any other matter as would entitle him either to recover damages at law from the plaintiff' or the person under whom the plaintiff claims, or to relief in equity, in whole or in part, against the obligation of the contract; or” &c.; “and, in either case, alleging *285 the amount to which he is entitled by reason of the matters alleged in the plea. Every such plea shall be verified by affidavit.” Section 9 provides, that “ a de fendant who files a plea or account under this chapter, shall be deemed to have brought an action against the plaintiff (at the time of filing the same), for the matters mentioned in such plea or account, and the plaintiff shall not, after the plea or account is filed, dismiss his case without the defendant’s consent; but shall be entitled to every ground of defence against the defendant’s demand, of which he might have availed himself by any special plea or otherwise, in any action brought against him upon the same demand. On the trial of the issue in such case, the jury shall ascertain the amount to which the defendant is entitled, and apply it as a setoff against the plaintiff’s demand, and if the said amount be more than the plaintiff is entitled to, shall ascertain the amount of the excess, and fix the time from which interest is to be computed on the same or any part thereof. Judgment in such case shall be for the defendant against the plaintiff' for said excess, with such interest from the said time till payment.”
The plain purpose of this statute was, to give precisely the same measure of relief on a plea filed under the same, as could be obtained in an independent action brought for the same cause, and to prevent one cause of action from being divided into two. So that the same objection exists to a claim of a part of the damages for the same breach of the contract under the statutory plea and another part in an independent action, as to a claim of a part in one action and another part in another action. One cause of action cannot be divided into two or more; and a judgment in one action is a bar to another action for the same cause. “A defendant who files a plea or account *286 under this chapter, shall be deemed to have brought an action against the plaintiff, (at the time of filing the same,) for the matters mentioned in such plea or account” &c., is the language of the 9th section of the chapter, and can leave no doubt as to the intention of the legislature to place the plea upon precisely the same footing with an independent action for the same cause.
The property sold in this case was a Jack, and there was a warranty by the vendors in the contract of sale that he was a sure foal-getter. In an action of assumpsit brought by the vendors against the vendees, among other things, for $300 the agreed price of the Jack, the vendees, besides other pleas, filed a plea of set-off under the statute aforesaid, alleging a failure in the consideration of the said contract and a breach of the said warranty, and that the said Jack was not a sure foal-getter, and was utterly useless as such; and that by reason of his impotency the consideration of the said contract had failed. The vendors replied generally to the said plea; and the issue thereon being tried by a jury, verdict and judgment were rendered in behalf of the vendees, to the full extent of the said sum of $300, the price of the said Jack; for which sum credit was given, to take effect from the 1st of November 1860, the date of said contract, by reason of the matters set up by the said special plea.
After that action was determined, the vendees brought an action of assumpsit against the vendors for the same alleged breach of the said warranty; alleging that, relying upon said warranty, after purchasing said Jack, they paid license thereon for same for two years, hired a groom to attend upon him, stabled and fed said Jack, and put him upon the stand for two years, and thus incurred expense and damage to *287 the amount of $400; and claiming to recover the said amount of damage in the said last mentioned action, besides having been relieved in the former action from the payment of the said sum of $300, the price of the said Jack as aforesaid.
The vendors, besides pleading non-assumpsit to the second action, to which plea there was a general replication, on which issue was joined, filed two special pleas, relying on the said judgment in the former action as a bar to this action, and vouching the record of that action in support of the said pleas. The vendees moved to strike out the said two special pleas, because the same had not been sworn to by the defendants or either of them; but the court overruled the motion, and at the instance of the defendants’ counsel permitted one of the defendants, who was then in court, to swear to the same; which was done. To which ruling of the court the plaintiffs excepted. And this was the subject of their bill of exceptions Ho. 1.
The plaintiffs then filed a special replication' to the said two special pleas, alleging that the claims asserted in this action were not the same with, but different from, the claim asserted by the special plea in the former action, and were not settled and adjudicated in that action. To this replication the defendants demurred, and the court sustained the demurrer and rejected the replication; to which ruling of the court the plaintiffs again excepted; and this was the subject of their bill of exceptions Ho. 2.
The defendants thereupon moved the court to give judgment in the cause upon the pleadings as they then appeared, which motion was resisted by the plaintiffs who desired delay until the return of the sheriff upon an attachment awarded against a witness •on the preceding day, and demanded a jury to try the *288 issue of fact in the cause, (which was upon the plea of non-assumpsit,) but the court overruled the-plaintiffs’ objection and it seeming to the court, on an inspecj^on 0f the record filed with the defendants’ special pleas, that the matters and things in the plaintiffs’’ declaration mentioned, had been settled and adjusted on the merits, as in the said special pleas alleged, judgment was thereupon rendered in favor of the-defendants against the plaintiffs. To which opinion of the court overruling the plaintiffs’ objection, refusing the delay aforesaid, and the demand for a jury aforesaid, and giving the judgment aforesaid, the plaintiffs again excepted; and this was the subject of their last bill of exceptions, to wit: bio. 3. To that judgment, a writ of error and supersedeas, being applied for by the plaintiffs, were awarded by a judge of this court, and that is the case we now have under consideration.
Ve are of opinion, for reasons already stated, that the judgment in the former action is a bar to the latter action, and that there is no error in the judgment rendered in the latter action; unless there be some technical or formal error in the case. But we think there is none such; and certainly none which requires a reversal of the judgment. There are but three errors assigned in the petition for a supersedeas; 1st, in not sustaining plaintiffs'5 motion to strike out the special pleas; 2d, in sustaining the demurrer to the plaintiffs’ replication; and 3d, in refusing the plaintiffs’ demand for a jury to try the issues of fact, &c. We think the following are sufficient answers to these assignments of error:
1st. The court properly refused to strike out the special pleas. They were good pleas of former judgment and recovery.
*289 2dly. The court properly sustained the demurrer to the plaintiffs’ replication, which was not a sufficient answer to the special pleas. Those pleas presenting good bars to the action, admitted of but one answer, and that was, a replication of nul tiel record.
3dly. There was no occasion for a jury to try any issues of fact in the case. There was no issue of fact but the general issue upon the plea of non assumpsit; and that issue became immaterial when the special pleas stood confessed by the failure of the plaintiffs to make any other answer to them after the demurrer to the special replication was sustained. The case then stood as if there had been a replication of nul tiel record to those pleas and a judgment of the court on such issue in favor of the defendants. Whenever one complete bar to the action is established by the judgment of the court, all other pleas in bar which may remain untried then become immaterial, and the case is ended. When the special pleas remained unanswered and were thus confessed, it was the province and duty of the court to enter judgment as it did, in favor of the defendants. The whole case then depended upon the record of the former action which was vouched in support of the plea and as part thereof, and there was no occasion for the intervention of a jury.
We deem it unnecessary to notice the many authorities collected in the notes to Smith’s Leading Cases on the subject of recoupment and setoff in cases of warranty in contracts of sale of personal property; because, whatever doubt or difficulty there may be on the subject according to those authorities, which are to some extent conflicting, there can be none under our *290 statute, the language of which is plain and unmistakable.
We are therefore of opinion that there is no error }n the judgment and that it ought to be affirmed.
Judgment aeeirmed.