# WHEELING.

## FISHER v. BURDETT.

Submitted January 11, 1883—Decided April 28, 1883.

Under the provisions of section 5 of chapter 126 of the Code of this State, in any action on a contract, whether the *contract be by deed* or by parol, the defendant may file a plea alleging any such failure in the consideration of such contract, or fraud in its procurement, as would entitle him either to recover damages at law from the plaintiff, or to relief in equity, in whole or in part; and if such plea is sufficient in form he is entitled to prove facts showing such failure in the consideration in whole or in part. (p. 629.)

Writ of error to a judgment of the circuit court of the county of Roane, rendered on the 17th day of March, 1880, in an action of debt in said court then pending, wherein Henry J. Fisher was plaintiff, and James E. Burdett was defendant, allowed upon the petition of said Fisher.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the judgment complained of.

The facts of the case are stated in the opinion of the Court.

*C. Hogg* for plaintiff in error.

*J. G. Schilling* for defendant in error cited Code ch. 126 § 5; 13 Gratt. 747 and 7 Gratt. 310.

SNYDER, JUDGE, announced the opinion of the Court:

This was an action of debt, on four several obligations under seal, brought by the plaintiff against the defendant in the circuit court of Roane county. The consideration of said obligations, as shown by recitals therein, was certain professional services which the plaintiff agreed to render the defendant as an attorney at law. A part of the plaintiff's demand was not contested and the court on March 2, 1875, gave the plaintiff judgment for such uncontested part and costs, and as to the residue the defendant pleaded payment and issue was thereon joined. At a subsequent term the defendant filed a special plea in writing to which the plaintiff replied generally and issue was also joined thereon. Three trials were had by jury and in each a verdict found for the defendant. The first two verdicts were set aside by the court and judgment entered for the defendant on the third. Before the last trial the defendant by leave of the court withdrew his replication to the defendant's special plea and moved the court to strike said plea from the record, which motion the court overruled, and then plaintiff again filed his replication to said plea and issue was joined thereon. During the final trial the plaintiff took a bill of exceptions, from which it appears that certain facts were proved by the defendant tending to show a failure in the consideration of the obligations sued on, to the proving of which facts the plain-

tiff objected, but the court overruled said objection and the plaintiff excepted. The said special plea of the defendant is based upon the first clause of section 5 of chapter 126 of our Code, and alleges facts which, if proved, establish a total failure in the consideration of the obligations in the plaintiff's declaration mentioned, but it does not aver any such matter existing before the execution of said obligations, or any such mistake therein or in the execution thereof, as would have entitled the defendant to relief in equity in whole or in part. There was no objection to the form of the plea in the court below, and, as I see none, it is unnecessary to set it out further here. The only ground relied on by the plaintiff in error for reversing the judgment of the circuit court is, that the obligations sued on by the plaintiff, being contracts under seal, the law conclusively presumes a consideration therefor, and, therefore, the said court erred in permitting the defendant either to plead or prove any failure in the consideration thereof. By implication he admits that the defendant might have pleaded and proved, under the latter clause of said section five of the statute, such matter existing before the execution of said obligations, or any such mistake therein or in the execution thereof, as would entitled him to relief in equity, but he denies that the first clause of said section has any application to contracts under seal. If such is the proper construction and effect of said statute the circuit court erred; otherwise, it did not, and this is the sole question to be determined in this case.

The first statute of Virginia authorizing equitable defenses, or sets-off of this character, was passed April 16, 1831. Acts 1830–31, ch. 11 sec. 62 p. 62. This act in terms declared that: " In all actions at law, founded on contract, *whether such contract be by deed or parol,* * * * the defendant may file a special plea in bar, in the nature of a plea of set-off, alleging any such matter of fraud in the consideration, or in the procurement of the contract, *or any such failure in the* consideration thereof, * * * as would entitle such defendant, either to recover damages at law, in any form of action, from the plaintiff, * * * or to relief in equity, in whole or in part, against the obligation of the contract upon him; * * And in all actions founded on any contract by deed, the de-

fendant may file a special plea in bar, in the nature of a plea of set-off, alleging any such matters existing before the execution of the deed, or any such mistake therein, or in the execution thereof, as would entitle him to relief in equity, in whole or in part, against the obligation of the contract upon him."

This act continued in force until the Code of Virginia of 1849 went into effect. The revisors of that Code in their report, without note or comment, substituted for said act, section 5 of chapter 172 of said Code of 1849, which was adopted by the Legislature, and our statute—section 5 of chapter 126 Code of 1868—is a literal copy from the Code of 1849.

The said section 5 of our Code is as follows:

" 5. In any action on a contract, the defendant may file a plea alleging any such failure in the consideration of the contract, or fraud in its procurement, or any such breach of any warranty to him of the title to real property or of the title or the soundness of personal property, for the price or value whereof he entered into the contract, as would entitle him, either to recover damages at law from the plaintiff, or the person under whom the plaintiff claims, or to relief in equity, in whole or in part, against the obligation of the contract; or if the contract be by deed, alleging any such matter existing before its execution, or any such mistake therein, or in the excution thereof, as would entitle him to such relief in equity; and in either case alleging the amount to which he is entitled by reason of the matters contained in the plea. Every such plea shall be verified by affidavit."

Before the adoption of said act of 1831, the courts of Virginia held, that the defendant could not vacate a bond at law because he was imposed upon in a settlement of accounts which preceded its execution, or because the bond was founded on a false or fraudulent statement of facts—*Taylor* v. *King*, 6 Munf. 368; or because the bond had been obtained by fraudulent misrepresentations made by the plaintiff—*Wyche* v. *Macklin*, 2 Rand. 426; or when the action was on a contract either by deed or by parol the defendant could not at law show, that the consideration had failed *in part*—*Tomlinson* v. *Mason*, 6 Rand. 169; *Webster* v. *Couch*, *Id.* 519; 1 Rob. Pr. (old) 227–8; *Christian* v. *Miller*, 3 Leigh 78.

After the passage of said act, it was held, that under its provisions, a tenant may set-off against rents the damages accrued by the failure of his lessor to make repairs—*Caldwell & Co.* v. *Pennington,* 3 Gratt. 91; or in an action upon *a bond* given for the hire of two slaves one of whom was never delivered, the hirer is entitled to a credit for the amount of the hire of the slave not delivered—*Isbell* v. *Norvell,* 4 *Id.* 176; or in an action *on a bond* given for a slave the defendant may plead that the slave was unsound at the time of the sale which fact the plaintiff knew but fraudulently concealed—*Fleming* v. *Toler,* 7 *Id.* 310; or in debt on *a bond,* a plea that it was given for goods which were unsound, is good—*Cunningham* v. *Smith,* 10 *Id.* 255.

In *Watkins* v. *Hopkins,* 13 Gratt. 743, decided in 1857, in a suit brought in 1854, after the Code of 1849 went into effect, the court held, that in an "action on *a bond* given for land, a plea that the plaintiff had failed to give the defendant possession of two acres of the land; or a plea that the plaintiff had failed to deliver possession of the land for two months after the time at which by the contract he was to deliver possession; or that he had not delivered the tenement in the plight and condition in which it was at the time of the sale, and in which by the contract he was to deliver it, but delivered it in a damaged condition from injuries done or permitted in the meantime to the tenement and freehold, is a good plea, *setting up a partial failure of the consideration.*" In delivering the opinion of the court in that case Judge Lee says: "The terms of the act are general, 'in any action on a contract,' and *it includes contracts by deed* as well as by parol, and there can be no reason for excluding all contracts relating to the sale and purchase of real property from its operation." 13 Gratt. 747.

The plain purpose of the said statute was to give the same measure of relief, by a plea under it, that could be obtained by the defendant in an independent action brought at law for the same cause, or in equity for relief growing out of the same transaction, and thus to prevent one cause of action from being divided into two. So that to give effect to this plain purpose it is as essential that it should include contracts under seal as well as contracts by parol. The original act of 1831

did in express terms include both classes of contracts, and neither the language of the statute of 1849 nor the circumstances attending its substitution for said act, indicate any intention or purpose to restrict the latter statute to contracts by parol.   When any change in the law was intended the revisors almost invariably added a note to their report giving the character of the change and their reasons for it, and when no change was intended except in the words or by condensing and making it more brief, they as invariably made no comment.   In reporting this statue, they did so, without note or comment, thus indicating very strongly by implication that no alteration in the effect of the statute was made or intended to be made.   But if there could have been any doubt on the subject, that doubt has been entirely removed by the decision of the court in *Watkins* v. *Hopkins*, 13 Gratt. 743, from which we have quoted above.   The court there, after quoting a part of the first clause of our present statute states, expressly, that, "it includes contracts *by deed* as well as by parol."

I am, therefore, of opinion upon both reason and authority that, under said section 5 of chapter 126 of our Code, the defendant, in any action on a contract, whether such contract be under seal or by parol, may file a plea alleging any such failure in the consideration of the contract or found in its procurement, as would entitle him either to recover damages at law from the plaintiff, or to relief in equity, in whole or in part; and that consequently the circuit court did not err in this case in refusing to strike out the defendant's special plea, nor in permitting the defendant to prove facts on the trial tending to show a failure in the consideration of the obligations sued on by the plaintiff.

For the foregoing reason the judgment of the circuit court must be affirmed with costs to the defendant in error and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.