**Richmond.**

KINZIE v. RIELY'S EXECUTORS.

December 4, 1902.

100   709
101    31
100   709
105   186
100   709
110   115
110   773

1. PLEADING—*Death of Plaintiff—Revival by Motion—Set-Offs.*—The filing of a plea or account of set-offs under chapter 160 of the Code does not deprive the personal representatives of a plaintiff who dies pending the action of the right to have the action revived in their names on motion, without notice, as provided by sec. 3308 of the Code, notwithstanding the provisions of sec. 3303, declaring that the defendant shall be deemed to have brought an action against the plaintiff for the amount of the set-off, and that the plaintiff shall not dismiss the action without defendant's consent.

2. RECOUPMENT UNDER CODE, SECTION 3299—*Breach of Covenant for Title.*—A grantee of real estate when sued at law by his grantor for the purchase price may, under Code, section 3299, file a special plea claiming damages for a breach of warranty or covenant for title by his grantor unless the defence would require the contract to be rescinded, and the grantor to be reinvested with the title conveyed.

3. SPECIAL PLEA UNDER CODE, SECTION 3299—*Cannot be Filed by Surety—Breach of Warranty of Title—Appeal and Error.*—If in an action by a grantor against the grantee and his surety, on a bond given for the purchase price of real estate, a joint plea be filed by principal and surety under section 3299 of the Code, claiming damages for a breach of warranty of the title, and the plea be found against the defendants, the surety cannot alone prosecute a writ of error. The defence is personal to the principal, though, if successfully made, it would redound to the benefit of the surety. The surety has no claim for damages against the grantor for a breach of covenant in a deed to which he is no party, and under which he acquired no interest.

4. DAMAGES—*Breach of Warranty—Set-Offs—Code, Sections 3298 and 3299.*—Damages for breach of warranty could not be claimed at common law by way of a recoupment against a sealed instrument,

nor can they be claimed by way of set-off under the provisions of section 3298 of the Code, as the provisions of that section apply only where the set-off is a debt, or liquidated demand. Such damages can only be asserted under section 3299 of the Code, and in the manner therein prescribed.

5. WARRANTY OF RIGHT TO CONVEY LAND—*When Broken—Effect of Judgment for Nominal Damages—Set-Off.*—A covenant by a grantor in a deed that he "has the right to convey the land" is broken, if at all, as soon as the deed is made, and the grantee may sue at once without averring eviction, or special damage. If there had been neither eviction, nor special damages arising from the breach, the judgment would be for only nominal damages, but it would bar any subsequent action on the covenant, although the grantee were subsequently evicted. The same result would follow if the damages, though nominal, were set up by way of set-off.

6. CONTINUANCE—*Discretion of Trial Court—Review.*—A motion for a continuance is addressed to the sound discretion of the court under all the circumstances of the case; and although an appellate court will review the action of a trial court, it will not reverse its judgment upon such motion unless plainly erroneous.

Error to a judgment of the Circuit Court of Botetourt county, rendered October 31, 1901, in an action of debt, wherein the defendants in error were the plaintiffs, and the plaintiff in error and another were the defendants.

*Affirmed.*

The opinion states the case.

*Hoge & Hoge* and *R. C. Stearnes,* for the plaintiff in error.

*C. M. Lunsford;* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

George Rieley instituted his action of debt upon a bond for the payment of money executed by Henry Garst, Jr., John H. Garst, Jr., and Joseph C. Kinzie, making as defendants thereto the last two named obligors, and the personal representative of Henry Garst, Jr.

By leave of the court the action was dismissed as to the personal representative of the deceased obligor. The defendants, the surviving obligors, filed a general plea of payment, and a

special plea under section 3299 of the Code, to which latter plea the plaintiff filed his demurrer, and the cause was continued.

At the next term of the court, the plaintiff having in the mean time departed this life, the action was revived upon the motion and in the name of his personal representatives. At a subsequent day of the term, the defendants moved the court to set aside the order of revival, which motion was overruled. This action of the court is the first error assigned.

It is contended that the effect of filing the plea of set-off was, as to matters contained in the plea, to make the original defendants plaintiffs, and the original plaintiff a defendant, under the provisions of section 3303 of the Code, and that, being such defendant at the time of his death, the action could not be revived by motion in the name of his personal representatives under the provisions of section 3308 of the Code.

Whilst section 3303 of the Code provides that a defendant who files a plea or account of set-off under chapter 160 of the Code shall be deemed to have brought an action against the plaintiff, and that the latter shall not, after such plea or account is filed, dismiss his case without the defendant's consent, it does not make the party bringing the action a defendant, or the party filing the plea of set-off a plaintiff within the meaning of section 3308 of the Code, or deprive the personal representatives of the party bringing the action of the right to have it revived in their names by motion.

The next assignment of error is to the action of the court sustaining the demurrer to the special plea of set-off filed by the defendants.

It was averred in that plea that the bond sued on was executed by John H. Garst, as principal, and by the other obligors therein, as sureties, for the purchase price of a tract of land sold and conveyed to John H. Garst, by the plaintiff, by a deed in which the grantor covenanted, among other things, that he had the right to convey the land; that the plaintiff had not kept and per-

formed the covenants in his deed in this, that he did not have
title to or the right to convey; but, on the contrary, the devisees
of Dr. John H. Griffin, deceased, had, at the date of the convey-
ance, and still have, the lawful title to an one-half interest in
all the stone, coal mines, and mineral springs in and upon the
land; that there are valuable deposits of stone and coal, and
valuable mines and mineral springs upon the land, and that by
reason of the premises the said John H. Garst had sustained
great loss and damage, amounting to the sum of $500, which
was still due and owing to the said John H. Garst, and which he
was willing to allow, and asked to have set-off against the plain-
tiff's demand.

One of the objections made to the plea was that it undertook
to set up a breach of warranty of title to real estate, and that
this cannot be done as a set-off in a court of law.

The people of this Commonwealth, at a very early day,
showed their disapproval of that rule of the common law which
did not allow cross demands to be settled in the same action, and
as early as 1644-5, some years it seems before either England
or any of her other colonies had enacted any statute upon the
subject, the Legislature of the colony of Virginia passed an act
modifying the common law rule, and authorizing pleas of set-
off in certain cases. 1 Henning Stat., pp. 296, 314; 5 Rob. Pr.
958; Rawle on Covenants for Title (5th ed.), sec. 324. That
statute has been amended from time to time until we now have
the very comprehensive provisions contained in chapter 160 of
the Code.

In the case of *Watkins* v. *Hopkins*, 13 Gratt. 743, 747, some
doubt was expressed in the opinion of the court as to whether
section 5, chapter 172 of the Code of 1849, extended to a case of
breach of warranty of the title to real estate, but that section,
as amended by the act of March 26, 1873 (Acts 1872-3, p.
196), and found in section 3299 of the present Code, is clearly
sufficiently broad to authorize the grantee to file a special plea

for breach of warranty or covenant for title in an action brought
by the grantor to recover the purchase price of the land con-
veyed, unless the defense set up would require the contract to
be rescinded, and the grantor to be reinvested with the title
conveyed. See 4 Minor's Inst. (3d ed.), 795-6; *Sheffey* v. *Gardi-
ner*, 79 Va. 313; *Grayson* v. *Buchanan*, 88 Va. 251; *Watkins*
v. *West Wytheville Land Co.*, 92 Va. 1, 9; *Mangus* v. *McClel-
land*, 93 Va. 786, 789.

The special plea of set-off having been held insufficient on de-
murrer, the case was submitted to the court for decision, and a
judgment was rendered in favor of the plaintiffs. From that
judgment the defendant, Kinzie, the surety on the bond, ob-
tained this writ of error.

The principal in the bond is not a party to the writ, and is
not complaining of the ruling of the court rejecting the special
plea.

Can the surety, the plaintiff in error, raise the question as to
the propriety of the trial court's action in rejecting the special
plea of set-off?

The principal, by failing or refusing to become a party to the
writ of error, cannot of course deprive his surety of the right to
have the action of the trial court reversed for improperly reject-
ing any plea which the surety had the right to file, but it is
equally true, we apprehend, that a surety cannot complain of
the rejection of a plea which his principal alone had the right to
file, and who had the right to file it or not as he saw proper, al-
though the defense set up by it would redound, if successfully
made, to the benefit of the surety.

Section 3298 of the Code provides that, although the plain-
tiff's claim be jointly against several persons, a debt due to only
a part of the defendants may be set-off against the plaintiff's
demand, if it appear that the persons against whom such claim
is stand in the relation of principal and surety, and the person
entitled to the set-off is principal. The provisions of that section

VOL. C—90

apply only where the set-off is a *debt* or *liquidated demand*. 4 Minor's Inst. (3d ed.), 787; 5 Rob. Pr. 964, &c.; *Webster* v. *Couch*, 6 Rand. 519; *Christian* v. *Miller*, 3 Leigh, 78; *Harrison* v. *Wortham*, 8 Leigh, 296.

The damages claimed in this case could not be relied on as a set-off under that section of the Code, because they are unliquidated. Neither could they be relied on as a common law counter-claim in the nature of recoupment, since the plaintiff's demand is under seal. *Columbia Acc. Ass'n* v. *Rockey*, 93 Va. 678, 685, and authorities cited.

The claim was asserted and could only be asserted under the provisions of section 3299 of the Code, and in the manner prescribed by that section. The only party by that section authorized to file the special plea in question is a defendant who is entitled to recover damages at law from the plaintiff, or the person under whom the plaintiff claims, or to relief in equity against the obligation of the contract sued on. This is clear, not only from the language of that section, but from the provisions of sections 3300 and 3304, especially the provisions of the latter section. By the first subdivision of that section it is provided that if the plaintiff be a person with whom the contract sued on was originally made, or the personal representative of such person, in the trial of the case, the jury shall ascertain the amount to which the defendant is entitled, and apply it as set-off against the plaintiff's demand, and if the said amount be more than the plaintiff is entitled to, shall ascertain the excess and fix the time from which interest is to be computed on the same or any part thereof; and judgment in such case shall be for the defendant against the plaintiff for said excess, and interest.

By the second subdivision of that section, it is provided that if the plaintiff claim as assignee or transferree under a person with whom the contract sued on was originally made, and the defendant's claim exceeds the plaintiff's demand, the defendant may waive the benefit of his claim to any excess beyond the

plaintiff's claim; or, instead of such waiver, it is provided by the third subdivision of the section that the defendant may, by rule issued by the court, or, on his application, issued by the clerk in vacation, or by reasonable notice in writing, such rule or notice substantially stating the defendant's claim, make the person under whom the plaintiff claims a party to the suit; and on the trial of the case the jury shall ascertain and apply, as provided in the first subdivision of the section, the amount and interest to which the defendant is entitled; and for any excess beyond the plaintiff's demand for which such person under whom the plaintiff claims is liable, with such interest as the jury allows, judgment shall be rendered for the defendant against such person.

It is manifest that a surety on a bond for the purchase price of land, who is no party to the deed by which the land was sold and conveyed, has no claim for damages against the grantor in the deed for breach of his covenants for title. Having no interest in the damages he cannot set them up against the plaintiff's demand even to the extent that his principal owes the plaintiff, for if he could, then by the terms of the statute, if the damages due his principal exceed the plaintiff's demand, he would be entitled to recover such excess from the plaintiff or the party through whom he claims, as is provided by the first and third subdivisions of section 3304, or he could, under the second subdivision of the section, waive the benefit of his principal's claim as to the excess of the plaintiff's demand. Even if the statute were ambiguous, as it is not, the court would not put such a construction upon it as would lead to the absurdity and injustice of enabling a surety to file a special plea by which he could recover judgment upon a claim for damages for which he had no cause of action, or on the trial of which he could waive rights in which he had no interest.

The principal obligor alone had the right to file the special plea which was rejected by the court. He was not compelled to

avail himself of the privilege conferred by the statute, but could bring his independent action upon cross demand. 4 Minor's Inst. 787 (3d ed.); 5 Rob. Pr. 960. Having the right to assert his demand for damages by special plea in this case, or by an original action, he could, when his special plea was rejected, abide the action of the court, or have it reversed upon writ of error. The effect of his failure or refusal to unite in the writ of error was to elect, not to set up his claim for damages in this case. The principal cannot be deprived of this right of election by the surety, or be compelled to ligitate in this cause a claim which he may prefer to assert by an independent action.

It was said, in *La Farge* v. *Halsey*, 1 Boswell (N. Y.) 171, where sureties on a lease claimed the benefit of and sought to set-off, in a suit against them for rent due, a claim of the lessee against the lessor for damages, "if by reason of any fact stated as part of this defence, Laura Keene (the principal in the lease), might have set up a counter-claim or recoupment, these defendants cannot. She assigned no such claim to them, and without that they have no right to use what is in her a distinct cause of action, nor to any part of it for their benefit. If they are compelled to pay the rent, they must seek reimbursement from her, and she will have her recourse to the plaintiff for any damages she has sustained."

In Waterman on Setoff it is said: "An accommodation endorser of the note of a vendee of goods cannot, when sued on his endorsement, set up damages resulting to the vendee by a breach of warranty of the goods sold, unless perhaps in the case of insolvency of the vendee, or upon some other equitable ground, he be permitted to do so. If the vendee set up the claim against the note, he might recover the whole damages sustained by him. The endorser would have no control of that right of action. The vendee might enforce, assign or release it. He might not choose to permit the endorser to have the benefit of it. The endorser could not, under any view of the subject, make it

available to effect more than the extinguishment of the plaintiff's claim. He would not be at liberty to so limit the rights of the vendee, and possibly preclude his obtaining full compensation for his damages; for the plaintiff could not be required to litigate the matter twice. These considerations show that an endorser, in virtue of his relation to the parties as surety for the maker, cannot protect himself by such set-off." This statement of the law is sustained by the case of *Gillespie* v. *Torrance,* 25 N. Y. 306.

This must be so, otherwise the principal would be deprived of his election, and be compelled to assert his demand by way of set-off when he might prefer, and it would best subserve his interest, to bring his independent action for its recovery. This case is an excellent illustration of the wisdom of the rule which gives the principal the right of election. The claim asserted in the rejected plea is for damages resulting from a breach of covenant of the right to convey. The breach occurred, if at all, according to the weight of American authority, as soon as the deed was made, and the grantee could at once bring his action without averring eviction or special damage. Rawle on Covenants for Title, secs. 59 and 62; 2 Lomax Dig., side page 266; *Dickenson* v. *Hoomes' Adm'r,* 8 Gratt. 397 (Judge Moncure's opinion); *Leroy* v. *Beard,* 8 How. (U. S.) 451, 465. If there had been no eviction, and no special damage had resulted from the breach of the covenant when the plea of set-off was filed, only nominal damages could be allowed, and yet it is well settled that a recovery of nominal damages for the breach of covenant of seisin, or of the right to convey, can be pleaded in bar of any subsequent action on that covenant—Rawle on Covenants of Title, sec. 178—although he may afterwards be evicted of the land which his grantor had no right to convey. If his claim for damages was set up by way of set-off, a recovery of nominal damages would equally bar any future action for the breach. By filing the plea of set-off he is deemed to have

brought a separate action upon the covenant, and he cannot again present a demand for its breach. *Huff* v. *Broyles,* 26 Gratt. 285, 288-9; 4 Minor's Inst. 798. It is a matter of consequence, therefore, to the grantee that he shall not be deprived of his right to assert his claim for damages at such time as will best protect him from loss by reason of the breach of the covenant.

We are of opinion, therefore, that the plaintiff in error, the surety upon the bond sued on, ought not to be permitted to question the action of the trial court in rejecting the plea of set-off of which the principal is not complaining.

The refusal of the court to grant a continuance upon the defendant's motion is assigned as error.

A motion for a continuance is addressed to the sound discretion of the court under all the circumstances of the case, and although an appellate court will review the action of the trial court, it will not reverse its judgment upon such motion unless plainly erroneous. *Payne* v. *Zell,* 98 Va. 294.

The case had been continued at a former term of the court for the defendant. Upon the plea of payment, which was the only plea in the case when the motion to continue was made, it was conceded that the defendants had no evidence to introduce. No sufficient ground, indeed, no legal ground at all, was shown, why the case should be continued in order that the defendants might have further time in which to file additional pleas. The court's refusal to continue, instead of being plainly erroneous, was manifestly right.

We are of opinion that there is no error in the action of the Circuit Court of which the plaintiff in error can complain, and that its judgment must be affirmed.

*Affirmed.*