## Staunton,

## Norfolk and Western Railway Co. v. Spears.

### September 9, 1909.

1. DAMAGES—*General and Special—How Pleaded.*—General damages are such as are the natural and proximate result of the act or default complained. They are legally imported, and need not be specially pleaded. Damages which are of an unusual and extraordinary nature and are not the common consequences of the wrong complained of are said to be special damages, and must be specially laid in the declaration.

2. PLEADING—*Declaration—Sufficiency—Sickness and Disorder—Nervous Disorder.*—A declaration which adequately charges a physical injury to the plaintiff, and further avers that by reason of the physical injury the plaintiff became sick, sore and disordered, which condition continued "hitherto," sufficiently warns the defendant to expect evidence of any sickness or disorder, the origin or aggravation of which could be traced to the act or wrong complained of, and it need not be more specifically described. Under such allegation serious nervous disorders may be shown.

3. PLEADING—*Declaration—Sufficiency—Bill of Particulars.*—If a declaration in tort does not plainly describe "the sickness or disorder" alleged to result from a physical injury charged, the defendant may require the needed particularity by calling for a bill of particulars under section 3249 of the Code.

4. TRIAL—*Continuance—Case at Bar.*—A motion for a continuance is addressed to the sound discretion of the trial court, under all the circumstances of the case, and, while its action is subject to review by the appellate court, it will not be reversed unless plainly erroneous. In the case at bar the facts disclosed by the plaintiff's bill of particulars just filed was the ground of the motion. But the bill was not called for till the term succeeding that at which the issue was made up, and this court cannot say, under all the facts and circumstances, that the action of the trial court in refusing a continuance was plainly wrong.

5. WITNESSES—*Experts—Hypothetical Questions—Facts Assumed.*—A hypothetical question propounded to an expert witness will not be rejected for lack of fullness of details when there is evidence

tending to prove all the facts assumed in the question, and it refers to all the material facts which the evidence tends to prove affecting the question upon which the expert is asked to express an opinion.

6. Verdict—*Excessive.*—A verdict for $1,500 for a personal injury resulting in a broken rib, a sprained back and other injuries cannot be set aside as excessive.

7. Verdict—*Contrary to Evidence—Evidence to Support—Probabilities.*—A verdict of the jury awarding damages for a nervous disorder resulting from a personal injury will not be set aside as contrary to the evidence when there is sufficient evidence for the jury to have concluded that the nervous disorder complained of was more probably due to the injuries received than to any other cause.

Error to a judgment of the Circuit Court of Wythe county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*W. B. Kegley, T. H. S. Curd,* and *Theodore W. Reath,* for the plaintiff in error.

*A. A. Campbell* and *A. P. Crockett,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

This is an action to recover damages for personal injuries done Mrs. Spears while a passenger on a train of the Norfolk and Western Railway Company, by a collision between the passenger train on which she was traveling and another train of the railway company.

There was a verdict and judgment in favor of Mrs. Spears for $1,500. To that judgment the railway company obtained this writ of error.

The first error assigned is that the plaintiff, under the allegations of her declaration, was not entitled to recover damages on account of the nervous disease which she claims resulted from her injuries, and from which she was suffering at the time of the trial. This question was raised in the trial court by objections to evidence and by instructions to the jury.

The declaration, after stating that the railway company was a common carrier, and that the plaintiff was a passenger on one of its trains, and the duty which the company owed to her, avers, among other things, that the train upon which she was riding was run into by another train of the railway company, and "by means thereof the said plaintiff was thrown violently from her seat and was caught between the seats of the said train, and a large suit case fell from the rack of said train, striking the said plaintiff, whereby one of her ribs was broken, her back sprained, and the said plaintiff was otherwise greatly bruised, wounded, hurt and injured, and also by means of the premises the said plaintiff became and was sick, sore, disordered and so continued for a long space of time, to-wit, hitherto, during all of which said time" the said plaintiff suffered great pain, was prevented from attending to her business, was deprived of the profits therefrom and was compelled to expend large sums of money in her efforts to be cured, etc.

On the trial of the cause the plaintiff was permitted to introduce evidence tending to show that she was suffering from a nervous disease, termed *traumatic neurasthenia,* and that this disease probably resulted from the collision of the railway company's train.

The contention of the railway company is that the damages claimed for the said nervous disorder were special damages, which could not be proved without being specifically averred.

It is true that it is not in terms averred in the declaration that the plaintiff, as a result of the collision, was suffering from *traumatic neurasthenia,* or any other named disease; but it is averred that by reason of the physical injuries inflicted by the

collision she became and was sick, sore and disordered, which condition continued "hitherto"—that is, up to the time of the filing of the declaration.

In order to recover what is termed *special damages*—that is, damages of an unusual and extraordinary nature and not the common consequences of the wrong complained of—they must be specifically laid in the declaration. See *Wood* v. *Am. Nat'l Bank,* 100 Va. 306, 309, 40 S. E. 931, 932; 13 Cyc. 176-7. But "when the damages," as was said in the case cited, "are the natural and proximate result of the act or default complained of, they are *general,* are *legally imported* from such act or default, and need not be *specially pleaded."*

The general rule in tort, says Sutherland on Damages, Vol. 3 (2d ed.), pp. 2661-3, is that the party who commits trespass or other wrongful act is liable for all the direct injury resulting, although such injury could not have been contemplated as the probable result of the act done. Plaintiff may show specific direct effects of the injury without specially alleging them."

The declaration in this case avers, as one of the results of the plaintiff's injuries, that she became and was sick and disordered, and claims damages therefor. When the railway company was informed that damages were sought for sickness and disorder and their attendant expenses, as well as for damages for wounds and bruises, it was bound to expect evidence of any sickness or disorder, the origin or aggravation of which could be traced to the act or wrong complained of, and the rules of pleading did not require any more specific description of the sickness or disorder from which the plaintiff was suffering than was given in the declaration. See *Denver, &c., Co.* v. *Harris,* 122 U. S. 597, 30 L. Ed. 1146, 7 Sup. Ct. 1286; *Montgomery* v. *Lansing,* 103 Mich. 46, 61 N. W. 543, 29 L. R. A. 287, 290; *Tyson* v. *Booth,* 100 Mass. 258; *Manly* v. *Delaware, &c.,* 69 Vt. 101, 37 Atl., 279; *Ehrgott* v. *City of New York,* 96 N. Y. 265, 278, 48 Am. Rep. 622.

No injury could result to the railway company from this mode of pleading, since under section 3249 of the Code it had the right to call for a bill of particulars in which the plaintiff was required to describe plainly the sickness or disorder for which she claimed damages, or run the risk of having her evidence on that subject excluded when offered.

The next error assigned is to the action of the court in refusing to continue the case upon the railway company's motion, at the August term, 1908, of the court.

The action was instituted in March of that year. The railway company, after its motion to strike out certain portions of the plaintiff's declaration and its demurrer to the declaration had been overruled, pleaded not guilty, upon which plea issue was joined and the cause continued. At the August term of the court the railway company, after its motion to have physicians appointed to examine the plaintiff for the purpose of ascertaining the nature and extent of her injuries had been overruled, moved the court to require the plaintiff to file a bill of particulars of her claim. The order was made and the bill of particulars was at once filed. Thereupon the defendant company, upon "the ground that it was taken by surprise at the elements of damages claimed by the plaintiff in her bill of particulars and allowed by the court to be claimed, and that it had previous to the calling of the case no notice that the plaintiff claimed to be suffering from *traumatic neurosis,* or from any permanent disability or disease, as the result of the injuries complained of," moved the court to continue the case to enable it to produce witnesses to testify as experts upon the question of the existence of the nervous disorder of which the plaintiff complained and for which she sought to recover damages, and in order that it might produce a nerve specialist and apply for an order of court for the examination of the plaintiff by him before the trial of the cause. This motion the court overruled, upon the ground that the pleadings were made up at the last term of the court and no bill of

particulars was called for until the calling of the cause for trial at that term of the court.

A motion for a continuance is addressed to the sound discretion of the court, under all the circumstances of the case; and though an appellate court will supervise the action of the trial court on such a motion, it will not reverse the judgment on that ground unless it is plainly erroneous. *N. & W. Ry. Co.* v. *Shott,* 92 Va. 30, 45, 22 S. E. 811, and cases cited; *Kinzie* v. *Riley,* 100 Va. 709, 718, 42 S. E. 872.

If the defendant company desired a bill of particulars it ought to have called for it at the April term when the pleadings were made up, and not delayed doing so until the next term of the court. Upon the trial of the cause the defendant introduced five medical witnesses, all of whom testified as to the nervous disorder of which the plaintiff complained. Further, it did not appear that the nerve specialist whom the defendant company wished to examine the plaintiff was within the jurisdiction of the court.

This court cannot say that under all the facts and circumstances of the case the trial court plainly erred in not continuing the cause.

The assignments of error as to the court's action in admitting certain evidence and in giving and refusing certain instructions are all based upon the contention that the declaration was not broad enough to admit evidence of the character given. It is conceded in the petition, in effect, that if the declaration was broad enough to entitle the plaintiff to recover damages for the nervous disorder of which she complained, as we have seen it was, then these assignment of error are without merit, except as to the action of the court in permitting to be answered a hypothetical question mentioned in bill of exception No. 4.

The objection made to that question is that it fails to set forth fully and correctly the facts in evidence upon which the question should have been predicated.

There was evidence tending to prove all the facts assumed in the hypothetical question, and it referred to all the material facts which the evidence tended to prove affecting the question upon which the experts were asked to express an opinion. While it might have gone into the details of the evidence more fully, it cannot be said that it omitted any material fact which it ought to have contained or contained any statement which the evidence did not tend to prove.

The remaining assignment of error is to the refusal of the court to set aside the verdict of the jury.

It is conceded (and if it were not, it is clear from the evidence) that the railway company was guilty of negligence and was liable to the plaintiff. Independent of the nervous disorder of which the plaintiff claimed she was suffering, and which the railway company claims was not satisfactorily shown to have resulted from its negligence, it cannot be said that the verdict ($1,500) was not justified by the actual injuries and the damages resulting therefrom which the uncontradicted evidence tends to show the plaintiff had sustained. Certainly it could not be set aside as excessive, under the well settled practice of this court in such cases. But there was sufficient evidence upon which the jury might properly have reached the conclusion that the nervous disorder complained of was more probably due to the injuries received in the collision than to any other cause.

Upon the whole case we are, therefore, of opinion that the judgment should be affirmed.

*Affirmed.*